### HILER v COHEN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9589.  Decided Feb 4, 1929

Fry, Oliver & Maerlander, Cleveland, for Hiler.

Theodore R Spilka, Cleveland, for Cohen et.

**VICKERY, J.**

Whether it was right to file a demurrer or not does not become very material. When a judgment is rendered against the defendant on proper service, at a subsequent term two or three things must exist before he can have that judgment vacated or suspended. One is, there must have been some misadventure, or some reason why he could not be present, why he did not put in a defense in the original action, and that is the prerequisite thing. In the instant case there is no reason given why he did not attend court and put in his defense. It is admitted that he had notice of the suit, and it is admitted with equal exactness in this court at least, that he did not go because he thought he did not owe the plaintiff anything; so he failed so far as giving a statutory ground why he was not present in that suit, which alone would be sufficient for the court to refuse to vacate the judgment.

But second, he claims by his attorneys in this court that this right to vacate was based upon fraud committed by the prevailing party, but when one reads the petition one will find that it sets up that the judgment was rendered upon the false testimony of the plaintiff and his witnesses, and that brings us squarely within **section 11631-10 General Code,** which provides that no judgment shall be vacated or new trial granted when the judgment is rendered in favor of the prevailing party by his false testimony or the testimony of any of his witnesses, unless the person falsely swearing shall first have been indicted and convicted of perjury. It is true they seek to bring this within **sub-section 4 of section 11631,** but a reading of the petition shows that the action to vacate and set aside the judgment was not based upon conspiracy to defraud or conspiracy to commit perjury, but upon the false testimony which brings it within the **tenth,** and not the **fourth,** sub-section of this general section.

Consequently, for the two grounds above alluded to, the court committed no error in refusing to open up this judgment, and so whether a demurrer is to be recognized as a proper pleading in this kind of proceeding or not, becomes immaterial. The court could not have done other than he did and there being no error in the proceedings, the judgment will be affirmed.

Sullivan, PJ, and Levine, J, concur.