Judgment vacated.

GWIN, P.J., and EDWARDS, J., concur.

COVINGTON, Superintendent of Insurance, Appellee,

v.

P.I.E. MUTUAL INSURANCE COMPANY, Appellee; Vestal, Appellant.

[Cite as *Covington v. P.I.E. Mut. Ins. Co.*, 149 Ohio App.3d 406, 2002-Ohio-4732.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–1348.

Decided Sept. 10, 2002.

---

1.  The Uniform Traffic Citation merely states "Stop Sign" and cites the code section, R.C. 4511.12.

Calfee, Halter & Griswold L.L.P., James M. Lawniczak and Karen A. Visocan, for appellee.

Weltman, Weinberg & Reis Co., L.P.A., and Ronald B. Noga, for appellant.

BOWMAN, Judge.

{¶ 1} J. Clifton Vestal, M.D., appellant, is a physician who was insured by P.I.E. Insurance Company ("P.I.E."). A complaint for rehabilitation of P.I.E. was filed December 10, 1997, in the Franklin County Court of Common Pleas, and in March 1998, the trial court entered an order of liquidation and appointment of a liquidator. On February 17, 1999, the trial court established September 23, 1999, as the final date to submit proofs of claims and granted the motion of the liquidator for an order approving the liquidator's determination that the liquidator would not exercise his discretion, for any reason, to accept any late-filed proofs of claim. The order establishing a final bar date was a final order subject to appeal, and notice was sent to P.I.E. insureds, but no appeal was taken.

{¶ 2} On April 22, 1999, appellant was sued for negligence and wrongful death, along with nine other named defendants. While appellant acknowledges receipt of the various notices concerning the liquidation, including the final bar date for filing proofs of claims, appellant did not file a timely proof of claim. On September 15, 2000, appellant filed a motion for relief, pursuant to Civ.R. 6(B)(2) and 60(B), from the September 23, 1999 claims filing bar date based upon mistake, inadvertence, excusable neglect, and other equitable theories. The liquidator filed a memorandum in opposition. The trial court denied appellant's motion for relief from judgment. Appellant filed a notice of appeal and raises the following assignments of error:

{¶ 3} "1. The trial court erred as a matter of law and abused its discretion in applying an erroneous legal standard to the appellant's motion for relief from the claims filing bar date.

{¶ 4} "2. The trial court erred and abused its discretion in failing to hold an evidentiary hearing on the motion for relief.

{¶ 5} "3. The trial court abused its discretion in arbitrarily denying appellant's motion for relief solely on the basis of a desire to expedite the liquidation proceeding and by approval of the liquidator's refusal to exercise discretion as to late-filed claims."

{¶ 6} By the first assignment of error, appellant contends that the trial court erred by applying an erroneous legal standard to appellant's motion for relief from judgment of the claims filing bar date.

{¶ 7} From 1994 through June 1997, appellant was insured by P.I.E., which was placed into rehabilitation in March 1998. Appellant admitted in his motion that he received the notices concerning the liquidation, including the notice that established September 23, 1999, as the final claims bar date. When appellant

was sued in April 1999, for events that occurred during his insurance coverage with P.I.E., he forwarded the complaint and insurance information, including the notice of the final claims bar date to his attorney, Phil Mitchell at the law firm of Epstein, Becker & Green, P.C., in New York City. Mitchell was unable to represent appellant and located other counsel in June 1999, the law firm of Wilbraham, Lawler & Buba, P.C., in Pennsylvania, to represent appellant. It was not until March 2000 that appellant received notification that a claim had not been filed in the P.I.E. liquidation proceeding on his behalf. The Wilbraham firm told appellant that it represented him only in the malpractice action; however, appellant believed that Mitchell had sent the entire defense matter, including the P.I.E. insurance claim, to the Wilbraham firm. Appellant believes that a miscommunication between the attorneys was the cause of his claim not being filed and, because of this mistake and excusable neglect, that he is entitled to relief.

{¶ 8} Because we are affirming the judgment of the trial court, for purposes of this decision we assume, without deciding, that Civ.R. 60(B) applies to a rehabilitation and liquidation proceeding. In this case, appellant does not meet the requirements for relief from judgment. Civ.R. 60(B) provides:

{¶ 9} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment."

{¶ 10} In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus, the court set forth the requirements a movant must demonstrate to prevail upon a Civ.R. 60(B) motion, as follows:

{¶ 11} "(1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 12} The moving party must establish the three requirements separately, and the test is not fulfilled if any one of the requirements is not met. Id. at 151, 1 O.O.3d 86, 351 N.E.2d 113. The granting or denying of a Civ.R. 60(B) motion is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent a showing of abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 13} Although appellant contends that he is also requesting relief pursuant to Civ.R. 60(B)(5), his basis for relief is excusable neglect, which is Civ.R. 60(B)(1). A motion pursuant to Civ.R. 60(B)(1) must be made within a reasonable time, but not more than one year after the judgment. The judgment setting the final claims bar date was February 17, 1999, and appellant filed his motion for relief from judgment on September 15, 2000, which is more than one year later. Appellant has not provided any argument other than excusable neglect, and Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365.

{¶ 14} Even if appellant's motion was timely filed, he would not have been entitled to relief. The trial court found that appellant was not entitled to relief because his failure to file a claim before the final claims bar date did not amount to excusable neglect. Appellant admitted that he received the notices concerning the liquidation, including the notice that established September 23, 1999, as the final claims bar date, and that the trial court had approved the liquidator's determination that he would not, under any circumstances, exercise discretion to consider any late-filed proofs of claim. Appellant was also aware that he needed to file a proof of claim to protect his interests; however, he delegated that responsibility to counsel but did not follow up with counsel to ensure that it was completed.

{¶ 15} In *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group* (2001), 56 S.W.3d 557, the Court of Appeals of Tennessee found that a physician had not demonstrated excusable neglect in a case involving facts similar to this case. In *Sizemore*, the physician, Naresh B. Dave, was insured with United Physicians Insurance Risk Retention Group ("United Physicians"), which was placed in receivership. A notice was sent to all of the policyholders informing them of the receivership and cancellation of the insurance policies. Approximately one week before the notice, Dr. Dave received notice that a former patient intended to sue for malpractice. Dr. Dave forwarded a copy of the patient's notice to the law firm representing United Physicians' receiver, and the law firm arranged for a lawyer to represent him in the malpractice action. Shortly thereafter, the receiver sent Dr. Dave a proof of claim and instructed him that it had to be completed in addition to any other claims made previously. Dr. Dave received a second letter reminding him of the filing deadline and informing him that failure to file the proof of claim would result in a discontinuation of his defense. Also, the notice stated that the receiver would not consider proofs of claim received after the claim-filing deadline.

{¶ 16} The receiver also sent a copy of the letter to counsel representing Dr. Dave. Counsel sent Dr. Dave another copy of the receiver's letter and a blank

proof-of-claim form, reminding him of the filing deadline. Dr. Dave delegated this responsibility to his office administrator. She completed the proof of claim, except for the claim number and the total amount claimed. The office administrator telephoned the attorney's office regarding these items and was told that the attorney's office "would take care of it." Thus, the office administrator did not file the proof of claim and nor did the attorney.

{¶ 17}  The receiver notified Dr. Dave that he was denied coverage and his representation would cease in the malpractice action because no proof of claim had been filed. Dr. Dave retained counsel and filed a proof of claim, along with an explanation for failure to file it timely, and a request that the receiver accept the claim as timely due to excusable neglect. The receiver declined to accept the proof of claim, and Dr. Dave filed an objection to the decision in the trial court. On appeal, the court determined that Dr. Dave did not prove excusable neglect.

{¶ 18}  The court stated:

{¶ 19}  "Finding whether neglect is excusable is an equitable determination 'taking account of all relevant circumstances surrounding the party's omission.' * * * The relevant circumstances envelop the big picture of both causes and effects, including (1) the danger of prejudice to the party opposing the late filing, (2) the length of the delay and its potential impact on proceedings, (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control, and (4) the filer's good or bad faith. * * * These circumstances must be weighed both with and against each other because, if considered separately, they may not all point in the same direction in a particular case." 56 S.W.3d at 567.

{¶ 20}  The court further stated at 569–570:

{¶ 21}  "In evaluating the reasons for delay, courts look at (1) whether the circumstances involved were under a party's own control * * * and (2) whether the party was paying appropriate attention to the matter in light of the surrounding circumstances. * * *

{¶ 22}  "The courts have been reluctant to find excusable neglect in circumstances where called-for action was under the control of the party seeking relief and that party failed to act reasonably to make sure that the act was performed."

{¶ 23}  The court found that Dr. Dave presented his untimely claim in good faith, that the receiver would not be materially prejudiced by being required to administer Dr. Dave's claim, and that the potential impact on the liquidation proceeding was not great. However, the court found that Dr. Dave had delegated the responsibility of filing the proof of claim and failed to follow up on that delegation, and failed to monitor his important business matters that were within his control had he made it a matter worthy of his attention. Thus, the court

found that Dr. Dave's failure to file a timely proof of claim was not excusable neglect, because the matter was within his control and he failed to act reasonably to make sure that the act was performed.

{¶ 24}  The facts in *Sizemore* are similar to the facts in this case.  In this case, appellant admitted in his motion that he received the notices concerning the liquidation, including the notice that established September 23, 1999, as the final claims bar date.  When appellant was sued in April 1999, he forwarded the complaint and insurance information, including the notice of the final claims bar date to his attorney, Phil Mitchell at the law firm of Epstein, Becker & Green, P.C., in New York City. Mitchell was unable to represent appellant and located other counsel in June 1999, the law firm of Wilbraham, Lawler & Buba, P.C., in Pennsylvania, to represent appellant.  Appellant delegated this responsibility to another and failed to monitor whether the proof of claim was filed.  The matter was within his control, and he failed to act reasonably to make sure that the act was performed.  Also, ordinarily, any neglect of a party's attorney is imputed to that party for purposes of Civ.R. 60(B)(1).  *Frump v. McKirahan* (Dec. 22, 1992), Franklin App. No. 92AP–900, 1992 WL 385921.  As in *Sizemore,* this situation does not constitute excusable neglect.

{¶ 25}  Contrary to appellant's argument, neither the court in *Sizemore* nor the trial court in this instance applied the incorrect standard.  Rather, both courts found the other factors to be considered weighed in favor of the doctors and required little or no mention or analysis, leaving only the control factor to be discussed and applied.  Appellant's first assignment of error is not well taken.

{¶ 26}  By the second assignment of error, appellant contends that the trial court erred in failing to hold an evidentiary hearing on the motion for relief from judgment.  Where a movant fails to assert operative facts that would warrant relief under this rule, the motion may be denied by the trial court without a hearing.  *Justice v. Lutheran Social Serv. of Cent. Ohio* (1992), 79 Ohio App.3d 439, 442–443, 607 N.E.2d 537.  In this case, appellant did not meet the requirements of Civ.R. 60(B), thus the trial court was not required to hold an evidentiary hearing.  Appellant's second assignment of error is not well taken.

{¶ 27}  By the third assignment of error, appellant contends that the trial court abused its discretion in arbitrarily denying his motion for relief from judgment solely on the basis of a desire to expedite the liquidation proceeding and by approval of the liquidator's refusal to exercise discretion as to late-filed claims.  As discussed in the first assignment of error, appellant did not meet the requirements of a Civ.R. 60(B) motion for relief from judgment, so the trial court did not err in denying the motion.  Appellant's third assignment of error is not well taken.

{¶ 28} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

DESHLER and LAZARUS, JJ., concur.