DECISION.
{¶ 1} On October 14, 1999, plaintiffs-appellants William P. Poulos, Georgia A. Poulos, Theafano Foods, Inc., Fano Foods, Inc., and Chico Franco, Inc., (collectively "Poulos") filed a complaint for declaratory judgment and money damages against defendant Richard Wellinghoff and defendants-appellees State Automobile Mutual Insurance Co. ("State Auto") and Huesman-Schmid Insurance Agency, Inc. ("Huesman-Schmid"), seeking to recover under an insurance policy for fire damage to business property. State Auto served discovery requests on Poulos on February 2, 2000. In June of 2000, Poulos's original counsel withdrew, and Peter J. Miller was substituted as counsel of record. State Auto renewed its discovery requests on July 14, 2000. Huesman-Schmid filed a motion to dismiss Poulos's complaint on July 17, 2000, which the trial court overruled on July 27, 2000.
{¶ 2} Poulos did not respond to the discovery requests. State Auto wrote Miller two letters, dated September 6, 2000, and November 3, 2000, regarding the discovery requests. Huesman-Schmid served several notices of depositions on Poulos, but Poulos and Miller did not attend the scheduled depositions. Having received no response to their discovery requests, in January of 2001 State Auto and Huesman-Schmid filed motions to compel discovery and for sanctions.
{¶ 3} Poulos and Miller failed to appear for a March 6, 2001, hearing on the motions to compel discovery. Pursuant to the trial court's instructions, State Auto and Huesman-Schmid sent separate notices to Miller regarding a March 15, 2001, hearing on the motions to compel discovery. The notices stated that the trial court would dismiss Poulos's complaint with prejudice if Poulos did not comply with the discovery requests. Neither Poulos or Miller appeared at the March 15, 2001, hearing. The trial court granted the motions to compel discovery, setting a deadline of March 29, 2001, for Poulos's compliance. When Poulos did not comply with the discovery requests or appear on March 29, 2001, the trial court dismissed the complaint with prejudice.
{¶ 4} On October 5, 2001, Poulos filed a Civ.R. 60(B) motion for relief from judgment. The motion was supported by the affidavit of Peter Miller. Miller's affidavit stated that he had been "medically unable to represent [Poulos] fully" and that he had been unaware that the motion for sanctions had been pending. Miller stated that he had been diagnosed as clinically depressed in the summer of 1999, and that he had been receiving treatment for his condition since July of 2000. The treatment included various antidepressants, including Prozac and Serzone, with a separate prescription for Wellbutrin. The treatment and medication allowed Miller to function for short periods of time. Miller stated that, as his depression worsened, he would "hibernate" and that he was increasingly unable to represent Poulos. Miller's continuing depression made him unable to "function day-to-day" or to act as counsel for Poulos. He did not open his correspondence, so he was unaware of the hearing on the motions for sanctions. Miller stated that he became aware that Poulos's case had been dismissed in May of 2001. Miller stated that until he discovered that Poulos's complaint had been dismissed, he had not been "fully aware of the impact of [his] illness upon [his] clients."
{¶ 5} Miller's affidavit further stated that, after discovering that Poulos's case had been dismissed, Miller hired Poulos's present counsel to file the Civ.R. 60(B) motion on behalf of Poulos. Miller stated that he was continuing treatment for his condition and that he was no longer practicing law. According to Miller, Poulos was unaware of Miller's condition while the complaint was pending.
{¶ 6} Poulos also submitted a letter from Miller's treating psychiatrist in support of the Civ.R. 60(B) motion. The letter stated that Miller "had been seen initially" on June 22, 2000, and that he had been diagnosed with depressive disorder and an eating disorder. Miller had twenty-two follow-up therapy sessions between July 6, 2000, and February 27, 2001. He also had psychopharmacy sessions on August 20, 2000, September 27, 2002, December 4, 2000, and February 27, 2001. Miller's psychiatrist stated in her letter that "anxiety, hopelessness, sleep disturbance, irritability, and avoidance (social withdrawal, not performing normal duties, e.g., opening mail, returning phone calls, etc.) are classic symptoms of major depression."
{¶ 7} The trial court denied Poulos's Civ.R. 60(B) motion. The court found that relief on the basis of excusable neglect was "inappropriate." The court further found that Poulos's motion had not been filed within a reasonable time following the dismissal of the complaint.
{¶ 8} Poulos has appealed, raising one assignment of error for our review, which alleges that the trial court erred in overruling the Civ.R. 60(B) motion for relief from judgment.
{¶ 9} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1)(2) or (3), not more than one year after the judgment, order or proceeding was entered." GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
{¶ 10} To justify relief from judgment, the materials submitted by the movant must present "operative facts" and not mere general allegations. See Miami System Corp. v. Dry Cleaning Computer Systems,Inc. (1993), 90 Ohio App.3d 181, 628 N.E.2d 122. The trial court's ruling on a Civ.R. 60(B) motion will be reversed only for an abuse of discretion. See Griffin v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. An "abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140.
{¶ 11} The trial court found that Poulos had presented a meritorious claim and that, therefore, Poulos had met the first requirement for prevailing on a Civ.R. 60(B) motion. We must determine whether the trial court was correct in finding that Poulos had not met the second and third requirements for relief from judgment.
{¶ 12} Poulos contends that the trial court should have granted relief under Civ.R. 60(B)(1), which provides for relief due to mistake, inadvertence, surprise, or excusable neglect, and Civ.R. 60(B)(5), which provides for relief from judgment for "any other reason justifying" the relief. We have examined Poulos's claims, and we hold that they could have only warranted relief pursuant to the "excusable neglect" provision of Civ.R. 60(B)(1). Civ.R. 60(B)(5) should not be used as a substitute for any of the more specific provisions of Civ.R. 60. See Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365; Covington v.P.I.E. Mut. Ins. Co., 149 Ohio App.3d 406, 2002- Ohio-4732, 777 N.E.2d 870. Poulos was not entitled to relief under Civ.R. 60(B)(5), because that "catch-all" provision is to be used only in "those rare situations where the other four grounds are not applicable." See id.; Brown v. AkronBeacon Journal Publishing Co. (1991), 81 Ohio App.3d 135, 610 N.E.2d 507. Therefore, we must determine whether the trial court abused its discretion in denying Poulos's motion under the "excusable neglect" provision of Civ.R. 60(B)(1).
{¶ 13} Poulos agues that he was entitled to relief under Civ.R. 60(B)(1) because, unknown to Poulos, Miller's depression had prevented him from adequately representing Poulos. Poulos contends that Miller's depression constituted excusable neglect. Whether neglect is excusable depends upon the facts and circumstances of each case. See Hopkins v.Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, 607 N.E.2d 914. Poulos had the burden to set forth a prima facie case of excusable neglect, showing that justice would be served by vacating the judgment. See id. "The quantum of evidence necessary depends upon all the surrounding facts and circumstances." See Childs v. Kelley (Jan. 23, 1991), 1st Dist. No. C-890468; Miami System Corp. v. Dry CleaningComputer Systems, Inc., supra.
{¶ 14} Although "[s]evere depression and emotional strain may support a ground for relief under Civ.R. 60(B)(1) excusable neglect," the cases in which such relief has been granted have involved debilitating emotional or psychological illness such that the person seeking relief alleged an utter incapacity to act with respect to the litigation. See Inre Wood (Aug. 12, 1997), 10th Dist No. 97APE01-77, citing Brenner v.Shore (1973), 34 Ohio App.2d 209, 297 N.E.2d 550.
{¶ 15} In the case at bar, we find no abuse of discretion in the trial court's denial of the Civ.R. 60(B) motion. Although the materials submitted to the trial court indicated that Miller was certainly suffering from depression, they failed to establish that his illness was so debilitating that he could not attend, in any manner, to the litigation at issue. In fact, Miller's affidavit indicated that he was receiving treatment for depression at the time of the proceedings below and that the treatment, including medication, permitted him to function at least for certain periods of time. Similarly, though Miller's physician stated that Miller suffered "classic" symptoms of depression including withdrawal from his professional duties, she did not offer the opinion that Miller was unable to at least inform his client or the court of his illness.
{¶ 16} Moreover, as State Auto and Huesman-Schmid note, Miller made several appearances in the instant litigation during the time of his asserted illness and was presumably capable of informing the court of his difficulty with meeting the court's deadlines. The court made every reasonable effort to relax those deadlines in an effort to allow counsel to perform his necessary duties. Under these circumstances, we cannot say that the trial court's denial of the Civ.R. 60(B) motion was unreasonable, arbitrary or unconscionable, and we overrule the assignment of error.
{¶ 17} The judgment of the trial court is affirmed.
Judgment affirmed.
Sundermann, J., concurs.
Doan, P.J., dissents.