OPINION
{¶ 1} Respondent-appellant, Joseph F. Swan, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his Civ.R. 60(B) motion. For the following reasons, we affirm.
 {¶ 2} On February 3, 2004, petitioner-appellee, Bobbette L. Swan, filed a petition for a domestic violence civil protection order against Joseph on behalf of herself and her mother. That same day, the trial court granted Bobbette's petition, issuing a protection order effective until February 12, 2004 and setting a hearing for that date.
 {¶ 3} On February 12, 2004, the parties agreed to a continuance of the hearing and protection order, in part because Joseph had only retained counsel two days before. On February 23, 2004, the parties agreed to another continuance of the hearing and protection order so they could complete an agreed entry. Finally, on February 27, 2004, the parties, their attorneys, and the trial judge signed a consent agreement and domestic violence civil protection order.
 {¶ 4} Approximately four months after signing the February 27, 2004 consent agreement and order, Joseph filed a Civ.R. 60(B) motion seeking to vacate it and requesting an evidentiary hearing. In this motion, Joseph asserted that he was entitled to relief under Civ.R. 60(B)(1) and (B)(5) and listed three "bases" for this relief. First, Joseph maintained that his attorney was ineffective in that he failed to either properly research the applicable law, to explain to Joseph the application of the law to the facts, or to evaluate the evidence. Due to this ineffectiveness, Joseph asserted that he did not understand the implications of the terms of the consent agreement and, thus, he was unable to enter into a binding agreement. Second, Joseph maintained that Bobbette had no reasonable basis to fear him because the acts she alleged constituted domestic violence occurred a long time before she filed for a protection order. Third, Joseph maintained that Bobbette did not act in a manner consistent with her alleged fear of him.
 {¶ 5} On September 22, 2004, the trial court issued a decision and entry denying both Joseph's request for an evidentiary hearing and his Civ.R. 60(B) motion. Joseph now appeals from this judgment.
 {¶ 6} On appeal, Joseph assigns the following errors:
[1.] The Trial Court Abused Its Discretion in Denying the Appellant's Motion to Vacate.
[2.] The Trial Court Erred in Denying the Motion to Vacate Judgment Without Holding an Oral Hearing to Determine the Merits of Said Motion.
 {¶ 7} By his first assignment of error, Joseph argues that the trial court abused its discretion in denying his Civ.R. 60(B) motion because he alleged sufficient facts to satisfy all three elements required to prevail on such a motion. We disagree.
 {¶ 8} In order to succeed on a Civ.R. 60(B) motion, the moving party must demonstrate that:
(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Should the moving party fail to satisfy any one of these requirements, a court must deny Civ.R. 60(B) relief. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351. Appellate courts review a decision denying a Civ.R. 60(B) motion for abuse of discretion. Moore v. Emmanuel Family Training Ctr., Inc. (1985),18 Ohio St.3d 64, 66.
 {¶ 9} In his motion, Joseph asserted he was entitled to relief from judgment on three "bases." The last two "bases" were meritorious defenses Joseph could have asserted against Bobbette's petition if the trial court had granted his Civ.R. 60(B) motion and vacated the February 27, 2004 consent agreement and order. The first "basis," however, included factual allegations explaining why Joseph was entitled to relief from the consent agreement and order pursuant to one or more of the Civ.R. 60(B)(1) and (B)(5) grounds. Namely, by the first "basis," Joseph alleged he was entitled to relief because of his attorney's "excusable neglect" — i.e., his attorney neglected to properly research the law, explain to him the application of the law to the facts, and evaluate the evidence.
 {¶ 10} Generally, the neglect or misconduct of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1). Argo PlasticProds. Co. v. Cleveland (1984), 15 Ohio St.3d 389, syllabus; GTEAutomatic Elec., Inc., supra, at paragraph four of the syllabus. Because parties to civil actions voluntarily chose their own attorneys, they cannot avoid the consequences of the acts or omissions of their freely-selected representative. Id. at 152, quoting Link v. Wabash R.R.Co. (1962), 370 U.S. 626, 633-634, 82 S.Ct. 1386. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer/agent * * *." Id. If an attorney's representation falls substantially below what is reasonable under the circumstances, the client's remedy is against that attorney in a suit for malpractice. Id., quoting Link, supra, at 634 fn.10. Any other remedy would amount to "visiting the sins" of the attorney of the moving party upon the innocent party. Id. Thus, granting relief from a judgment due to an attorney's misconduct would contradict the purpose of Civ.R. 60(B) — to afford relief in the interests of justice. Argo Plastic Prods. Co., supra, at 393.
 {¶ 11} Here, if Joseph's allegations are true, his previous attorney neglected to perform the basic duties of his representation. Such conduct "reveals a complete disregard for the judicial system" because it prevents the judicial system from working as intended to achieve a just result. Accordingly, Joseph's attorney's neglect is not "excusable," and he is not entitled to relief from judgment pursuant to Civ.R. 60(B)(1). See Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20 ("the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'"). Joseph's remedy, if any, lies elsewhere.
 {¶ 12} Joseph also asserts that he is entitled to relief from the February 27, 2004 consent agreement and order pursuant to Civ.R. 60(B)(5). However, "Civ.R. 60(B)(5) applies only when a more specific provisions does not apply." Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. In the case at bar, Joseph has not asserted any other ground for relief from judgment other than his attorney's failure to properly research the law and advise him. Because the more specific provision of Civ.R. 60(B)(1) applies to these circumstances, Joseph cannot rely upon the catch-all provision of Civ.R. 60(B)(5) as a ground for relief. SeeCovington v. P.I.E. Mut. Ins. Co., 149 Ohio App.3d 406, 2002-Ohio-4732, at ¶ 13; Pool Man, Inc. v. Rea (Oct. 17, 1995), Franklin App. No. 95APG04-438; Pickawillany Condo. Owners' Assn. v. Kuhar (Jan. 19, 1988), Franklin App. No. 87AP-88.
 {¶ 13} In sum, Joseph did not allege facts to support any Civ.R. 60(B) ground for relief and, thus, we conclude that the trial court did not abuse its discretion in denying his Civ.R. 60(B) motion. Accordingly, we overrule Joseph's first assignment of error.
 {¶ 14} By Joseph's second assignment of error, he argues that the trial court erred in not holding an evidentiary hearing on his Civ.R. 60(B) motion. We disagree. If a moving party fails to allege operative facts that would warrant relief under Civ.R. 60(B), a trial court may deny the motion without a hearing. Cuervo v. Snell (1998),131 Ohio App.3d 560, 569. As we concluded above, Joseph did not allege facts to establish a Civ.R. 60(B) ground for relief. Therefore, the trial court was not required to hold an evidentiary hearing.
 {¶ 15} Accordingly, we overrule Joseph's second assignment of error.
 {¶ 16} For the foregoing reasons, we overrule Joseph's first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
SADLER and CHRISTLEY, JJ., concur.
CHRISTLEY, J., retired, of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.