DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Toledo Municipal Court denying appellant's Civ.R. 60(B) motion for relief from a default judgment in a collection action. Because we conclude that the trial court did not abuse its discretion, we affirm.
 {¶ 2} On May 13, 2003, appellee, Arnold Caruso, Ltd., a law firm, sued appellant, Peter Nyktas, for legal fees allegedly owed to the firm for various legal services. Appellee was granted a default judgment on July 23, 2003, after appellant failed to answer or otherwise plead. On July 13, 2004, appellant filed a "motion to vacate" the default judgment based on excusable neglect, and requested leave to file his answer instanter.
 {¶ 3} According to his affidavit, appellant was born in Greece, claims to have limited education, and cannot read or write English. Appellant acknowledged that legal services were performed for him by "Attorney Giorgetti," an attorney in appellee's firm, related to the sale of his business to his daughter and son-in-law. When the sale fell through, appellant refused to pay the attorney fees, claiming that Giorgetti had not adequately protected his interests and he suffered a loss of $1,000,000.
 {¶ 4} Appellant later was served with appellee's complaint for collection of the attorney's fees and allegedly gave the matter to another attorney, John Potts. He also stated that Potts had agreed to file a legal malpractice action against Giorgetti. Neither an answer with counterclaims in the collection action nor a malpractice suit was ever filed. Appellant stated that he was in Europe thereafter for about six months when he discovered that the default judgment had been entered against him. Appellant stated that as the statute of limitations time neared, Potts told him he should find another attorney to file the legal malpractice action against Giorgetti. Appellant stated that he allegedly could not find an attorney willing to file the suit. Appellant stated that he also had a difficult time finding an attorney willing to file the Civ.R. 60(B) motion to vacate.
 {¶ 5} The trial court denied appellant's motion for a hearing and the Civ.R.(60)(B) motion. The trial court noted that appellant was properly served with the summons and complaint, and, despite his residence in the United States for at least 50 years, failed to take appropriate action to defend the suit. The court noted that appellant's confusion or the failure of his attorney to act on his behalf did not constitute excusable neglect.
 {¶ 6} Appellant now appeals from that judgment arguing the following sole assignment of error:
 {¶ 7} "The trial court committed reversible error in not granting a hearing on appellant's `Defendant Nyktas' Motion under Rule [sic] 55 and 60(B) to Vacate Default Judgment, and For Leave to File Instanter, Defendant's Answer and Counterclaim Instanter, Supported by Affidavit and Memorandum of law; and For Oral Hearing Thereon' because the said motion and tendered answer and counterclaim tendered facts establishing a prima facie case; and therefore a hearing should have been ordered, and it was error to deny the Rule [sic] 60(B) motion, as it was valid, and should have been allowed, with full discovery."
 {¶ 8} Civ.R. 60(B)(1) provides that a party may obtain relief from judgment if the ruling is the result of, "mistake, inadvertence, surprise or excusable neglect[.]" However, the decision to set aside a default judgment rests in the sound discretion of the court and will be upheld absent an abuse of discretion. Davis v. Immediate Med. Sev. (1997),80 Ohio St.3d 10, 14. The term "abuse of discretion" implies that the court's discretion is arbitrary, unreasonable or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 168-169. Furthermore, if a moving party fails to allege operative facts that would warrant relief under Civ.R. 60(B), a trial court may deny the motion without a hearing. Cuervov. Snell (1998), 131 Ohio App.3d 560, 569.
 {¶ 9} In determining whether neglect is excusable, all the surrounding facts and circumstances must be considered. Liddell v. Dolias, (Sept. 28, 2001), 6th Dist No. L0-1-1211, citing Griffey v. Rajan (1987),33 Ohio St. 3d 75, syllabus. Excusable neglect has been defined in the negative: to be inexcusable neglect, the conduct must be such that it "* * * falls substantially below what is reasonable under the circumstances,"; and "exhibits a disregard for the judicial system and the rights of the plaintiff." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 152; Griffey, supra. See, also, State ex rel. Weiss v. Ind. Comm. (1992), 65 Ohio St.3d 470, 473. Where an attorney has neglected to perform the basic duties of his representation, such conduct "reveals a complete disregard for the judicial system" because it prevents the judicial system from working as intended to achieve a just result. Swan v. Swan, 10th Dist. No. No. 04AP-1089, 2005-Ohio-4636, at ¶ 11.
 {¶ 10} Generally, "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1). (Link v. Wabash R.R.Co., 370 U.S. 626, * * * followed.)" GTE, supra, at paragraph four of the syllabus. Since parties to civil actions voluntarily choose their own attorneys, they cannot avoid the consequences of the acts or omissions of their freely-selected representative. Id. at 152, citing Link, supra, at 633-634. If a party has a default judgment entered against him due to an attorney's conduct which "falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." GTE, supra, at 152. A plaintiff should not be penalized by the revival of an action, merely because the defendant's lawyer caused the default judgment to be entered. Id., quoting Link,
supra, at 634, fn. 10.
 {¶ 11} In this case, appellant asserts that the "excusable neglect" was primarily the failure of his attorney to respond to the complaint. Appellant notes that he was out of the country, did not understand English, and relied upon his attorney to file an answer in the collection action. An answer was never filed, and default judgment was properly entered against appellant. Appellant has not revealed any reason why his attorney's inaction would constitute excusable neglect. Since his attorney's conduct is imputed to appellant, appellant's recourse lies in an action for legal malpractice for any alleged damages from the attorney's failure to properly represent him. Therefore, the record demonstrates that appellant's conduct, combined with the conduct of those persons whose conduct is imputable to him, exhibited a disregard for the judicial system and the rights of appellee. Consequently, we cannot say that the trial court abused its discretion in denying appellant's Civ.R. 60(B)(1) motion for relief from default judgment. Likewise, since appellant did not allege facts to establish a Civ.R. 60(B) ground for relief, the trial court was not required to hold an evidentiary hearing.
 {¶ 12} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 13} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Skow, J. Concur.