DECISION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from the Norwalk Municipal Court in Huron County. Appellant, Ralph Walcher, appeals the denial of his Civ.R. 60(B) motion to set aside a judgment of default entered against him when he failed to appear. For the following reasons, we affirm.
 {¶ 2} Appellee, Willis Hicks, filed a "small claim complaint" form and attached a handwritten exhibit listing dates and hours in which, he alleged, he performed manual labor for appellant. The labor included, inter alia, "cutting down, sawing, and splitting wood," installing two "non-vented propane heaters" in his home, and installing a "vanity in one bathroom." The labor, performed from September 2002 to April 2003, totaled 431 hours. For this labor, appellee's exhibit stated that appellee "was to be paid by giving me a 9 mm. deer rifle with scope — and a trip to Can Cun Mexico [sic] for a 2 week fishing trip — none of these things were forth-coming — I got nothing! He was to have paid me sum of $10 per hour in the amount of $4,310 — He paid or gave me nothing not even gas for my vehicle." On the claim form, appellee prayed for the sum of $3,000 plus costs and interest.
 {¶ 3} Trial was scheduled for May 18, 2005, and a summons issued to appellant. Appellant failed to appear, and the court entered a default judgment for appellee in the amount of $3,000, plus interest and costs. Appellant filed a timely motion to set aside the default judgment. His affidavit, attached to the motion, averred that he is 89 years old, lives alone, "sometimes becomes confused as to dates," "believed that May 9, 2005, fell on a Tuesday rather than on a Monday," and that he appeared at Willard City Hall on Tuesday, May 10. The notice mailed to appellant clearly stated that the trial had been scheduled for the Norwalk Municipal Court.
 {¶ 4} At the hearing on his motion, appellant testified that he had received the summons, but that he "got the wrong place" because, he explained, "I got it and I put it in my pocket and I didn't read it too good." He said that he assumed the trial would be in Willard, because appellee lived there. He maintained, however, that he did attempt to show on the correct day — Monday May 9 — but that he just went to the wrong place. When asked in direct examination whether he knew what that day's date was, he said, "I don't care. Just another day. Says I got to come up here." On cross-examination, he admitted that his attorney accompanied him to the Willard City Hall, but he did not show his attorney the summons. When confronted with his affidavit submitted with his Civ.R. 60(B) motion, appellant insisted that he attempted to show up on the correct day, but simply went to the wrong place.
 {¶ 5} Throughout, appellant insisted that he did not look at the complaint and notice too closely, because "everything was false," and that if he had hired appellee to do labor on his farm, appellee was to "take it with peaches." Apparently, appellant understood that appellee would have been satisfied to take payment for his labor by taking peaches from appellant's orchard because they were friends, and no agreement existed between them for monetary payment.
 {¶ 6} The trial court denied appellant's motion for failing to meet the burden of "inadvertence or excusable neglect." Appellant raises the following assignment of error:
 {¶ 7} "The trial court erred in denying defendant-appellant's motion to set aside the default judgment."
 {¶ 8} Appellant acknowledges that Civ.R. 60(B)(1), allowing relief for "mistake, inadvertence, surprise or excusable neglect," is the only ground available to him in this instance. "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351." Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
 {¶ 9} "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE Automatic Elec.,Inc., supra at paragraph three of the syllabus. The question of whether relief should be granted is addressed to the sound discretion of the trial court. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 10} Although appellant timely filed his motion and asserted a defense, meeting the first and third prongs of theGTE test, appellant failed to demonstrate excusable neglect or inadvertence. "In determining whether neglect is excusable, all the surrounding facts and circumstances must be considered."Arnold Caruso, Ltd. v. Nyktas, 6th Dist. No. L-05-1011,2005-Ohio-5566, ¶ 9. While appellant may be retired and may not need to pay close attention to calendars, he did acknowledge receipt of the notice and complaint and admitted that he largely disregarded it because he thought it totally false. Simply disbelieving the allegations is not a reason to fail to appear and defend. Hiler v. Cohen (1929), 7 Ohio Law Abs. 232 (where the defendant had notice but believed he "did not owe the plaintiff anything" and does not appear, motion for relief properly denied).
 {¶ 11} Also, appellant's attitude "exhibits a disregard for the judicial system and the rights of the plaintiff." GTEAutomatic Elec., Inc., supra, at 152. It is not excusable neglect to fail to schedule a trial date on a calendar, PoolMan, Inc. v. Rea (Oct. 17, 1995), 10th Dist. No. 95APG04-438, and calendar-related errors are frequently discouraged by courts.Eppley v. Sahr (Dec. 13, 2000), 5th Dist. No. 00-CA-59. Moreover, at the hearing, appellant directly disavowed his affidavit when he insisted that he did, in fact, attempt to attend on the correct day. Although appellant was savvy enough to bring his attorney during his attempt, it belies common sense that he did not show his attorney the summons or complaint (and that his attorney did not ask to view them) so that his attorney could assist him. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 12} The judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. concur.