OPINION
{¶ 1} Appellant, Larry Martin, appeals from the judgment entry of the Ashtabula County Court of Common Pleas denying his motion to vacate pursuant to Civ. R. 60(B). At issue is whether appellant submitted sufficient evidence of excusable neglect pursuant to Civ. R. 60(B)(1) to warrant relief from the trial court's June 12, 2007 judgment. For the reasons discussed below, we hold he did not and therefore affirm the trial court.
 {¶ 2} On September 13, 2005, appellees, ALRI, Inc. and Don Alteir, filed a complaint against appellant alleging breach of various terms of an oral lease *Page 2 
agreement. On November 10, 2005, appellant filed his answer and counterclaim. Discovery proceeded and, on February 13, 2006, the court ordered the parties to participate in mediation. Although mediation was scheduled on several occasions, it was either cancelled or moved to an alternative date at appellant's request. On December 29, 2006, appellant's counsel moved to withdraw from the case citing appellant's failure "to fully communicate and cooperate with counsel in the defense of [the] case." The trial court did not immediately rule on the motion because, according to the court, it wished to give appellant and his counsel an opportunity to resolve their differences.
 {¶ 3} Trial was originally scheduled for March 8, 2007; however, in light of counsel's motion to withdraw, the trial court reset the date for June 7, 2007. Notice of the change was sent to the parties. Despite an ostensible attempt to resolve their differences, counsel was allowed to withdraw from the case with appellant's consent after a March 8, 2007 hearing. On that date, the trial court issued a judgment entry reflecting the withdrawal which appellant signed. This judgment entry also underscored that trial would commence on June 7, 2007 and ordered appellant to notify the court when he retained new counsel as he expressed an interest in doing so. The record indicates appellant was personally issued copy of the judgment after the hearing and was also mailed a copy of the judgment at his residence.
 {¶ 4} On March 30, 2007, counsel for appellees sent appellant a letter to determine whether he had retained counsel as appellees wished to give notice of a potential deposition. If appellant had not retained counsel, the letter indicated appellees would notify appellant in the event the deposition was scheduled. The letter also contained a reminder that trial would commence on June 7, 2007. *Page 3 
 {¶ 5} On June 7, 2007, a bench trial was held. Appellees were present with counsel. Appellant did not appear. Judgment was subsequently awarded in appellees' favor and appellant's counterclaim was dismissed. Approximately three weeks later, appellant filed a motion to vacate pursuant to Civ. R. 60(B). Appellant asserted his motion was timely, he had a meritorious defense to appellees' claims, and his failure to appear was occasioned by excusable neglect, viz., a failure to mark the date of trial on his calendar. On November 28, 2007, the trial court conducted a hearing on the motion and, on November 30, 2007, appellant's motion was denied. Appellant now appeals and raises one assignment of error:
 {¶ 6} "The trial court erred to the prejudice of appellant by refusing to grant the motion to vacate, when appellant possessed a meritorious defense, his failure to appear at trial was the result of excusable neglect, and the motion to vacate was filed in a reasonable time."
 {¶ 7} Under his sole assignment of error, appellant asserts the trial court should have granted his motion to vacate because he submitted adequate evidence to meet his burden under Civ. R. 60(B).
 {¶ 8} The standard of review applied in appeals from an award or denial of a Civ. R. 60(B) motion is an abuse of discretion standard.Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12. An abuse of discretion connotes an attitude by the court which is arbitrary, unreasonable, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} "To prevail on a motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through *Page 4 
(5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B) (1), (2) or (3), not more than one year after the judgment was entered * * *." GTE Automatic Elec, Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150.
 {¶ 10} In relevant part, Civ. R. 60(B) provides:
 {¶ 11} "On motion * * * the trial court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *; (4) the judgment has been satisfied * * *; or (5) any other reason justifying relief from the judgment."
 {¶ 12} In the instant matter, there is no dispute that appellant had a meritorious defense to appellees' claims. Appellant filed an answer to appellees' complaint and asserted eleven affirmative defenses to appellees' allegations. Nor is there a dispute about the timeliness of the motion, i.e, appellant's motion to vacate was filed just over two weeks after the release of the trial court's judgment. The only issue before the court, therefore, was whether appellant's neglect in failing to appear at trial was excusable pursuant to Civ. R. 60(B)(1).
 {¶ 13} With respect to this issue, appellant contends he inadvertently failed to memorialize the date of trial on his calendar. He points out that he actively defended the case throughout its pendency and his failure to note the date of the hearing, while neglectful, should be viewed as excusable.
 {¶ 14} The determination as to whether a party's neglect is excusable or inexcusable must be made from the individual context of each case. See Rose Cheverolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21. A "complete disregard of the judicial system" should not be tolerated under the guise of "excusable neglect." Covert *Page 5 Options, Inc. v. R.L. Young Assoc, Inc., 2d Dist. No. 20011,2004-Ohio-67, at ¶ 11; GTE Automatic Elec, supra, at 153. Nevertheless, in ruling on a Civ. R. 60(B) motion, any doubt should be resolved in favor of the movant as the judicial system favors deciding cases upon their merits rather than procedural grounds. See, e.g., National Mut.Ins. Co. v. Papenhagen (1987), 30 Ohio St.3d 14, 15.
 {¶ 15} The record reveals that appellant's former counsel moved to withdraw on December 29, 2006, over three months before trial was originally scheduled to commence. Counsel alleged he was unable to continue his representation because appellant failed to communicate and fully cooperate with him on the defense of the case. The court did not hold an immediate hearing on the motion in an effort to give appellant and former counsel an opportunity to work out their differences. On February 15, 2007, the court rescheduled the trial date to June 7, 2007. A copy of the notice was sent to the parties.
 {¶ 16} Appellant and his counsel were unable to resolve their differences. As a result, the trial court held a hearing on the motion to withdraw on March 8, 2007. At the hearing, appellant consented, via a signed acknowledgement on the judgment entry, to allow former counsel to withdraw. The March 8, 2007 judgment entry also included an express notification that trial was rescheduled for June 7, 2007. Appellant personally received a copy of the judgment entry at the hearing. A copy of the same was mailed to appellant's home address. Furthermore, several weeks after the hearing, appellees' counsel mailed a letter to appellant on March 30, 2007, advising him that the case was scheduled for trial on June 7, 2007. The letter further stated: *Page 6 
 {¶ 17} "I need to know the name of your new Counsel as we need to schedule the deposition of a representative from Cortland Bank. If you do not intend to hire new Counsel, please let me know so that I can notice you of that deposition."
 {¶ 18} Appellees received no response from appellant and the matter proceeded to trial as scheduled.
 {¶ 19} In view of these facts, the trial court denied appellant's motion to vacate. In its November 30, 2007 judgment entry, the trial court stated, in relevant part:
 {¶ 20} "[T]he Court finds that Defendant Martin had three notices that the trial date was scheduled on June 7, 2007, and three notices that he needed to retain new counsel and advise both the Court and Plaintiffs' counsel who that new attorney would be.
 {¶ 21} "The Court finds that Defendant Martin offers as his excusable neglect the fact that he did not mark his schedule for the trial date and failed to appear. The Court, therefore, concludes that Defendant Martin failed to mark his schedule on three different occasions when three separate notices were given to him of the trial date. The Court notes and finds that Defendant Martin never did hire replacement counsel and new counsel was not retained until after judgment was rendered in this case.
 {¶ 22} "* * *
 {¶ 23} "* * * the court finds that Defendant Martin has not cooperated with [former counsel], did not provide discovery as requested by [plaintiffs' counsel] on behalf of the Plaintiffs, forgot to mark his calendar on at least three different occasions that the trial date had been scheduled for June 7, 2007, and failed to make any effort to retain counsel after the withdrawal of [former counsel]. *Page 7 
 {¶ 24} "* * * The Defendant, by not appearing for trial and not obtaining new counsel after [former counsel] withdrew, has done nothing to protect his own rights, and has caused the Plaintiffs to expend substantial time and financial resources in the prosecution of its case. To set aside the judgment at this time would cause a manifest injustice to the Plaintiffs. The Court finds that the circumstances which caused the Defendant to not appear at the final hearing, i.e., his failure to mark his calendar, does not constitute an extraordinary circumstance beyond his control. The Defendant, on three or more occasions, neglected to note on his calendar the trial date and has neglected to retain counsel as he indicated he desired to do. The Court finds that the Defendant admits his actions were neglectful and the Court concludes that this neglect is not excusable. The neglect committed by Defendant Martin is not excusable and demonstrates a total disregard for the judicial system and the rights of other parties to this litigation. The Defendant's failure to participate in mediation, his failure to retain the services of [former counsel], who is an officer of the Court and stated in his Motion that his withdrawal was caused by the Defendant's failure to cooperate and communicate in the defense of his case, and the Defendant's failure to note on three or more occasions that the trial date had been scheduled constitute gross neglect and not excusable neglect."
 {¶ 25} Appellant contends the trial court's decision was unreasonable and, in support, directs this court's attention to the Second Appellate District's opinion in Covert Options, Inc., supra. In that case, the plaintiff commenced an action in May of 2002 and trial was set for February 4, 2003. While the plaintiff appeared for trial, his counsel did not. Approximately two hours after granting the defendant's motion to dismiss, plaintiff's counsel filed a Civ. R. 60(B) motion asserting excusable neglect. Counsel argued that it *Page 8 
was "`inadvertence, oversight and an unfortunate clerical error' that led to the date and time of the trial not being transferred from his 2002 calendar to his 2003 calendar." Id. at ¶ 12. The trial court observed that counsel had acted diligently throughout the proceedings and that his actions, up until the time of trial, did not demonstrate a disregard for the judicial system. Id. The trial court granted the motion. On appeal, the Second District affirmed the trial court, stating it could "find no abuse of discretion in the trial court's finding." ¶ 13.
 {¶ 26} The instant case is distinguishable from Covert Options,Inc. In that case, the court was evidently impressed by counsel's general diligence throughout the course of the proceedings. Moreover, it appears counsel in that case did take notice of the date of trial, but failed to notate the date of trial on his 2003 calendar. The reviewing court determined these findings and conclusions were neither arbitrary nor unreasonable given the state of the record before it.
 {¶ 27} As pointed out above, a court's conclusion as to whether a party's neglect is excusable or inexcusable must be made from the unique facts and circumstances of each case. See Rose Cheverolet, Inc., supra. The trial court in this case, given the individual context of this case, did not feel appellant was appropriately diligent throughout the proceedings; in fact, it drew the opposite conclusion. Appellant's lack of attention and diligence was most specifically demonstrated after he consented to the withdrawal of counsel. He conveyed his intent to retain new counsel, but did not do so until after judgment was awarded in appellees' favor. He had multiple actual notifications of the trial date, but still failed to appear. In the context of this matter, we cannot conclude the trial court's decision evinces an abuse of discretion. *Page 9 
 {¶ 28} Furthermore, and notwithstanding the holding in Covert Options,Inc., calendar-related errors are "frequently met with disdain by reviewing courts * * *." Eppley v. Sahr (Dec. 13, 2000), 5th Dist. No. 00 CA 59, 2000 Ohio App. LEXIS 5812, *6; see, also, Hicks v. Walcher, 6th Dist. No. H-05-017, 2006-Ohio-3382, at ¶ 11; Pool Man, Inc. v. Rea (Oct. 17, 1995), 10th Dist. No. 95APG04-438, 1995 Ohio App. LEXIS 4577, *8.
 {¶ 29} In Eppley, the appellant failed to appear at a hearing. He filed a Civ. R. 60(B) motion and sought a finding that his neglect was excusable pursuant to Civ. R. 60(B)(1). In support, the appellant asserted that he misplaced the notice of the hearing; while he acknowledged his neglect, he maintained his failing was inadvertent and therefore excusable. The Fifth Appellate District rejected the appellant's argument and determined the appellant's neglect was inexcusable and not an extraordinary circumstance. Eppley, supra, at *6-*7.[1]
 {¶ 30} In Hicks, supra, the appellant did not attend trial because he went to the wrong court house. The appellant admitted to receiving a summons but failed to read it. The Sixth Appellate District determined the appellant's attitude exhibited a disregard for the judicial system and the rights of the opposing party. Id. at ¶ 11. As a result, the court held appellant's disregard did was not excusable neglect. Id.
 {¶ 31} Finally, in Pool Man, Inc., supra, trial counsel was hospitalized on the date of trial; however, his office did not know to seek a continuance because counsel failed to record the trial date on his calendar. The Tenth Appellate District held:
 {¶ 32} "The failure of [trial counsel] to appear at trial was not the result of his hospitalization, which would be excusable neglect, but resulted from his failure to list the *Page 10 
trial date on his calendar so that his office did not know to request a continuance. This is simply inexcusable neglect and not an extraordinary circumstance." Id. at *8.
 {¶ 33} Considering the record before us in conjunction with the foregoing authority, we hold appellant's assertion that his failure to appear was a result of excusable neglect unpersuasive. The trial court pointed out that appellant had at least three reminders of the trial date yet, for whatever reason, chose to ignore these notices. Moreover, he had ample time and opportunity to enlist the assistance of new counsel to manage the progression of the case, but failed to do so. We accordingly uphold the trial court's determination that appellant's inaction demonstrates a disregard for the judicial process and the rights of his opponents. We therefore uphold the trial court's conclusion that appellant's neglect was inexcusable. The trial court did not abuse its discretion in denying appellant's motion to vacate.
 {¶ 34} For the reasons discussed in this opinion, appellant's sole assignment of error is overruled and the judgment of the Ashtabula Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs.
COLLEEN MARY O'TOOLE, J., dissents.
[1] In Eppley, the Fifth Appellate District ultimately reversed and remanded the trial court's denial of appellant's Civ. R. 60(B) motion. However, it did so because the court had evidence before it that the debt at issue had been discharged via bankruptcy pursuant to Civ. R. 60(B)(4). *Page 1