[Cite as *Gamble Hartshorn, L.L.C. v. Lee*, 2018-Ohio-980.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Gamble Hartshorn, LLC        :
f.k.a. Gamble Hartshorn Johnson, LLC,

                             :

        Plaintiff-Appellee,                       No. 17AP-35

                             :        (C.P.C. No. 15CV-2360)

v.

                             :       (REGULAR CALENDAR)

Peter C. Lee,

                             :

        Defendant-Appellant.

                             :

---

## D E C I S I O N

### Rendered on March 15, 2018

---

**On brief**: *Gamble Hartshorn LLC*, and *John L. Chaney*, for appellee. **Argued**: *John L. Chaney*.

**On brief**: *Baker Fister, LLC*, *Wilburn L. Baker*, and *Anna S. Fister*; *Gregory N. Finnerty*, for appellant. **Argued**: *Wilburn L. Baker*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} This is an appeal by defendant-appellant, Peter C. Lee, from a judgment of the Franklin County Court of Common Pleas adopting a magistrate's decision denying appellant's motion for relief from judgment, pursuant to Civ.R. 60(B), following the trial court's grant of summary judgment in favor of plaintiff-appellee, Gamble Hartshorn, LLC.

{¶ 2} On March 17, 2015, appellee filed a complaint against appellant for unpaid legal services, alleging claims for breach of contract, account, unjust enrichment, and quantum meruit. On April 28, 2015, appellant filed a document with the trial court indicating he had "picked up [the] summons sent by the certified mail at post office on 3-

27-2015," that he "denied all the allegations against" him, and he was requesting a continuance in order to hire an attorney. (Mag. Decision at 9.)

{¶ 3} On June 18, 2015, appellee filed a motion for summary judgment. By decision and entry filed July 21, 2015, the trial court granted appellee's motion for summary judgment, which was unopposed, and entered judgment in favor of appellee and against appellant in the amount of $62,152.94.

{¶ 4} On July 30, 2015, appellant filed a "motion for continuance of disclosure of witnesses and extension of time to respond to motion for summary judgment and for time to obtain an attorney." On August 5, 2015, attorney Wilburn L. Baker filed a notice of appearance of counsel on behalf of appellant. On August 17, 2015, the trial court denied appellant's motion for continuance, noting it was untimely and the court had already granted summary judgment in favor of appellee.

{¶ 5} On August 26, 2015, appellant filed a Civ.R. 60(B) motion for relief from judgment. On September 23, 2015, appellee filed a memorandum contra appellant's motion for relief from judgment. A magistrate subsequently conducted a three-day hearing on the Civ.R. 60(B) motion. On February 9, 2016, the magistrate issued a decision denying appellant's motion for relief from judgment, finding that the Civ.R. 60(B) motion was untimely, and appellant had established neither excusable neglect nor a meritorious defense.

{¶ 6} On February 23, 2016, appellant filed objections to the magistrate's decision. On May 9, 2016, appellant filed supplemental objections. On May 31, 2016, appellee filed a response to appellant's objections and supplemental objections. On December 14, 2016, the trial court filed a decision and entry adopting the magistrate's decision of February 9, 2016, holding in part the magistrate did not err in finding that appellant's "neglect in failing to file a timely response to [appellee's] motion for summary judgment was not excusable."

{¶ 7} On appeal, appellant sets forth the following four assignments of error for this court's review:

> I. The trial court abused its discretion when it denied Mr. Lee's motion for relief of judgment which was timely and was supported with sufficient evidentiary materials and operative facts showing a meritorious defense and excusable neglect.

II. The trial court abused its discretion when it applied an impossible test in finding that Mr. Lee's neglect was not "excusable neglect" to preclude Mr. Lee's right to relief of judgment.

III. The trial court abused its discretion when it did not find, pursuant to binding authority, that Mr. Lee's neglect was "excusable neglect" as a matter of law.

IV. The trial court abused its discretion when it did not grant Mr. Lee's motion for relief as a matter of law.

{¶ 8} Appellant's four assignments of error, all raising various challenges to the trial court's decision denying his motion for relief from judgment, are interrelated and will be considered together. Under these assignments of error, appellant contends his Civ.R. 60(B) motion was timely and supported by sufficient operative facts showing a meritorious defense and excusable neglect, and the trial court erred in failing to find he demonstrated excusable neglect justifying relief from judgment.

{¶ 9} Civ.R. 60(B) states in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 10} In order to obtain relief from judgment under Civ.R. 60(B), a movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 11} The above three requirements of the *GTE Automatic* test "are independent of one another and in the conjunctive." *Technical Servs. Co. v. Trinitech Internatl.*, 9th Dist. No. 21648, 2004-Ohio-965, ¶ 10. Accordingly, "if the movant fails to satisfy any one of these requirements, the trial court must deny the motion." *Id. See also Stojkoski v. Main 271 South, LLC,* 9th Dist. No. 25407, 2011-Ohio-2117, ¶ 5 ("The three-part test set forth in *GTE Automatic* is a conjunctive one, therefore, the moving party's failure to satisfy any of these three requirements will result in a denial of the motion."). A reviewing court evaluates a trial court's decision to grant or deny a Civ.R. 60(B) motion under an abuse of discretion standard. *Technical Servs.* at ¶ 11.

{¶ 12} As noted under the facts, the magistrate conducted a three-day hearing on appellant's motion for relief from judgment. Based on the testimony and exhibits submitted, the magistrate rendered a decision which included the following findings of fact. Appellant entered into a written contract for legal services with attorney Douglas Warnock, and the fee agreement stated in part: "It further is understood and agreed that the Attorney shall serve as co-counsel in the case for the Client with Joel H. Mirman, Attorney at Law, and the law firm of Gamble Hartshorn LLC, who will serve as lead counsel for the Client in the case."

{¶ 13} Appellee provided legal services to appellant "from November 14, 2006 through October 5, 2009." (Mag. Decision at 3.) On October 5, 2009, appellant discharged attorney Ray Drexel (of the firm Gamble Hartshorn, LLC).

{¶ 14} On March 17, 2015, appellee filed its complaint against appellant, asserting claims for breach of contract, account, unjust enrichment, and quantum meruit. "[W]ithout leave of Court," appellant e-filed a document and entered an appearance in the action on April 28, 2015. (Mag. Decision at 3.)

{¶ 15} On June 18, 2015, appellee filed its motion for summary judgment, to which appellant "filed no response." (Mag. Decision at 4.) In his affidavit attached to the motion for relief from judgment, appellant stated: "[S]oon after the middle of June, 2015, I received a copy of Gamble Hartshorn, LLC's motion for summary judgment." (Mag. Decision at 4.) Although appellant acknowledged receiving appellee's motion for summary judgment, he did not file a memorandum in opposition to the summary judgment motion "because he was confused." (Mag. Decision at 4.) Appellant further

stated in his affidavit that "he 'thought we could discuss this motion for summary judgment at the scheduled August 4, 2015 hearing.' " (Mag. Decision at 4.) The record, however, indicated "there was no hearing scheduled for August 4, 2015," and appellant "acknowledged under oath that he did not attend a court hearing on August 4, 2015." (Mag. Decision at 4.)

{¶ 16} While acknowledging receipt of the complaint in April 2015 and the motion for summary judgment in June 2015, appellant "still delayed in seeking legal counsel, according to the testimony of John Scaccia." (Mag. Decision at 4.) On July 21, 2015, the trial court granted appellee's motion for summary judgment on its claims for breach of contract and account.

{¶ 17} During the hearing before the magistrate, when "asked 'with whom did you speak in an effort to get a lawyer,' [appellant] replied, 'the first one I went to [was] Mr. John Scaccia.' " (Mag. Decision at 5.) Appellant's statement "was corroborated by John Scaccia's testimony, which was that [appellant] contacted him in late July 2015 to represent him in the underlying case." (Mag. Decision at 5.) Scaccia, however, "could not represent [appellant] because his license to practice law in Ohio was suspended." (Mag. Decision at 5.) Scaccia testified that he referred appellant to attorney Wilburn Baker. The magistrate found that, "from April 28, 2015 to late July 2015, [appellant] did not take any action to hire an attorney to represent him in the underlying lawsuit." (Mag. Decision at 5.)

{¶ 18} Approximately one week after the trial court granted summary judgment in favor of appellee and the case was terminated, appellant, pro se, "e-filed a document with this Court on July 30, 2015." (Mag. Decision at 5.) The document, "titled 'motion for continuance of disclosure of witnesses and extension of time to respond to motion for summary judgment and for time to obtain an attorney,' " was signed by appellant and had a "handwritten notation backdating it to '7-22-2015.' " (Mag. Decision at 5.) On August 5, 2015, appellant's counsel entered an appearance. By decision and entry filed August 17, 2015, the trial court denied appellant's July 30, 2015 motion. On August 26, 2015, counsel for appellant filed the Civ.R. 60(B) motion for relief from judgement.

{¶ 19} In considering the testimony and exhibits submitted, the magistrate found that "the overwhelming evidence supports [appellant's] familiarity with litigation, legal

documents, and the legal system." (Mag. Decision at 5.) The magistrate noted that "in addition to the underlying lawsuit, [appellee] represented [appellant] in at least two other legal matters." (Mag. Decision at 6.) The magistrate further found that "the documents [appellant] e-filed with this Court appear to have been prepared at his direction." (Mag. Decision at 6.)

{¶ 20} We initially address appellant's contention the trial court abused its discretion in failing to find excusable neglect under Civ.R. 60(B)(1).[1] According to appellant, the trial court employed an "impossible test" in determining that his neglect was not excusable. Appellant characterizes this test as a "Control Rule," and he challenges prior decisions by this court and other Ohio courts generally holding that neglect is not excusable if the party could have prevented the circumstances from occurring.

{¶ 21} In considering whether neglect is excusable under Civ.R. 60(B)(1), "a court must consider all of the surrounding facts and circumstances." *Maggiore v. Barensfeld,* 5th Dist. No. 2011CA00180, 2012-Ohio-2909, ¶ 26, citing *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 21 (1988). This court has previously observed that " '[t]he term "excusable neglect" is an elusive concept which has been difficult to define and to apply.' " *Natl. City Bank v. Calvey,* 10th Dist. No. 05AP-1229, 2006-Ohio-3101, ¶ 8, quoting *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20 (1996). The Supreme Court of Ohio has determined that neglect is inexcusable when the movant's inaction "reveals a complete disregard for the judicial system and the rights of the appellee." *GTE Automatic* at 153. Further, this court has held "[u]nusual or special circumstances can justify neglect, but if the party could have controlled or guarded against the happening or event [he or] she later seeks to excuse, the neglect is not excusable." *Calvey* at ¶ 8, citing *Natl. City Bank v. Kessler,* 10th Dist. No. 03AP-312, 2003-Ohio-6938. *See also Covington v. P.I.E. Mut. Ins. Co.,* 149 Ohio App.3d 406, 2002-Ohio-4732, ¶ 24 (10th Dist.) (noting the facts and circumstances did not constitute excusable neglect where "[t]he matter was within [the appellant's] control and he failed to act reasonably to make sure that the act was performed").

---

[1] In its decision, the trial court found the second prong of the *GTE Automatic* test to be dispositive, i.e., that appellant failed to demonstrate he was entitled to relief under Civ.R. 60(B). Based on the trial court's determination that appellant failed to establish excusable neglect, the court declined to consider appellant's arguments as to whether he met the other two prongs of the test.

{¶ 22} Upon review of the record in this case, we conclude the trial court did not abuse its discretion in determining appellant failed to demonstrate excusable neglect. As set forth under the findings of fact rendered by the magistrate, appellee filed its complaint on March 17, 2015, and appellant acknowledged receiving a copy of the complaint by certified mail. Appellant e-filed a document on April 28, 2015 which, the magistrate noted, was filed without leave of court and did not contain a certificate of service. In that document, appellant expressed his intent to hire an attorney. On June 18, 2015, appellee filed its motion for summary judgment, to which appellant filed no response, and the trial court entered summary judgment in favor of appellee on July 21, 2015. Approximately one week after summary judgment was granted in favor of appellee, appellant filed a document titled "motion for continuance of disclosure of witnesses and extension of time to respond to motion for summary judgment and for time to obtain an attorney." Appellant acknowledged he did not seek legal counsel until late July 2015, and appellant's counsel did not file a notice of appearance until August 5, 2015. On August 17, 2015, the trial court denied appellant's motion for continuance, and appellant filed his Civ.R. 60(B) motion on August 26, 2015.

{¶ 23} In his motion for relief from judgment, appellant argued his April 28, 2015 filing constituted a motion to continue, and he believed such motion was to be heard by the trial court on August 4, 2015. Appellant further argued that his failure to respond to appellee's motion for summary judgment was excusable neglect because he was not proficient in English and lacked technology to communicate with the court.

{¶ 24} Both the magistrate and trial court addressed and rejected appellant's arguments with respect to his April 28, 2015 filing. The magistrate, noting that appellant did not seek leave to file the document out of rule and that such document failed to include a certificate of service, concluded that the filing at issue, "whether characterized as an 'Answer' (a pleading) or a 'motion for continuance,' does not comply with Ohio's civil rules." (Mag. Decision at 7.) In a similar vein, the trial court, noting case law holding that pro se litigants are held to the same standards as are members of the bar with respect to procedural rules, cited appellant's admission "that his 'filings' failed to comply with the Rules of Civil Procedure." (Feb. 9, 2016 Decision & Entry Adopting Mag. Decision at 8.)

{¶ 25} The trial court also addressed appellant's claim that he believed his April 28, 2015 filing was a motion to continue to be heard by the court on August 4, 2015. The court observed that appellant "nevertheless filed another motion on July 30, 2015, requesting additional time to obtain an attorney and respond to [appellee's] motion for summary judgment," and the court concluded that appellant's conduct "belies his contention that he believed his earlier motion to continue would be heard on August 4, 2015." (Feb. 9, 2016 Decision & Entry Adopting Mag. Decision at 8, 9.) The court further noted that appellant "admitted during his testimony that he did not appear on August 4, 2015 for this 'hearing.' " (Feb. 9, 2016 Decision & Entry Adopting Mag. Decision at 9.)

{¶ 26} The record on appeal supports the findings and conclusions of the trial court with respect to appellant's filing of the April 28, 2015 document. The "vast majority" of Ohio courts have held that "lack of counsel and ignorance of the legal system does not constitute 'excusable neglect.' " *Dayton Power & Light v. Holdren,* 4th Dist. No. 07CA21, 2008-Ohio-5121, ¶ 12. Rather, " ' "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." ' " *Id.,* citing *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.,* 145 Ohio App.3d 651, 654 (10th Dist.2001). Thus, "[c]ourts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system," and "a pro se litigant's confusion or misunderstanding of the law does not provide grounds for granting a Civ.R. 60(B) motion for relief from judgment." *Id. See also Ragan v. Akron Police Dept.,* 9th Dist. No. 16200 (Jan. 19, 1994) ("Acting pro se * * * is neither excusable neglect nor any other reason justifying relief from judgment. A party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel.").

{¶ 27} The magistrate and trial court also addressed appellant's failure to respond to the motion for summary judgment based on his contention that he was not proficient with the English language, and he lacked familiarity with the legal system. As noted, the magistrate, following an extensive hearing on the Civ.R. 60(B) motion, rendered findings that the document appellant filed with the court on April 28, 2015 demonstrated his "familiarity and sophistication with the legal process and litigation, and his command of

the English language," and that the filing indicated appellant "knew he could hire an attorney to represent him, as he had done in previous lawsuits filed against him." (Mag. Decision at 9, 10.) Similarly, the magistrate cited the fact that the document filed by appellant on July 30, 2015, which included a certificate of service, demonstrated his familiarity with the legal process and command of the English language. Noting that appellee had represented appellant "in at least two other prior legal matters," the magistrate found the record "replete with evidence supporting [appellant's] familiarity with litigation and the legal system." (Mag. Decision at 11.)

{¶ 28} The trial court, in overruling appellant's objections to the magistrate's decision, found that "from April 28, until July 30, 2015, when he filed his motion for an extension of time, [appellant] did nothing to engage or protect himself in these proceedings," and that "[h]is earlier request for a continuance to obtain a lawyer indicates that he was aware that he needed to retain legal counsel." (Feb. 9, 2016 Decision & Entry Adopting Mag. Decision at 9.) The trial court concluded that appellant "[certainly] could have prevented the circumstances he now [complains] of by either retaining counsel or checking with the Court about the case schedule and the status of his 'motion.' " (Feb. 9, 2016 Decision & Entry Adopting Mag. Decision at 9.)

{¶ 29} Ohio courts have held that "[t]he neglect of an individual to seek legal assistance after being served with court papers is not excusable." *Associated Estates Corp. v. Fellows*, 11 Ohio App.3d 112, 116 (8th Dist.1983). Thus, "[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute 'excusable neglect' under Civ.R. 60(B)(1) or (5) unless a compelling reason is presented, like a serious illness." *Yuhanick v. Cooper*, 7th Dist. No. 96-CO-45 (Nov. 16, 1998), citing *Bajtkiewicz v. Wisniewski*, 8th Dist. No. 63661 (Jan. 28, 1993). Further, Ohio courts have held that "a litigant who fails to respond to a motion for summary judgment ordinarily may not later litigate the issues that could have been raised in the motion." *Harshman Dynasty, LLC v. Mason,* 2d Dist. No. 25873, 2014-Ohio-1108, ¶ 18. Rather, "[i]f allowed, such practice would 'undermine the purposes of Civil Rule 56 and 60(B)' and create a ready avenue for delay." *Id.,* quoting *Brigadier Constr. Servs. v. JLP Glass Prods.,* 8th Dist. No. 98672, 2013-Ohio-825, ¶ 23.

{¶ 30} Thus, courts have rejected claims of excusable neglect in instances where a party, whether represented by counsel or acting pro se, has failed to respond to a properly served motion for summary judgment. *See BAC Home Loans Servicing, L.P. v. Mapp,* 12th Dist. No. CA2013-10-193, 2014-Ohio-2005, ¶ 33 (appellant's failure to respond to motion for summary judgment "simply cannot be said to constitute excusable neglect"; the fact appellant "appeared pro se does not change this finding as he was subject to the same rules and procedures as those represented by counsel"); *Harshman* at ¶ 23 (noting that pro se litigants are held to the same standards as members of the bar with respect to procedural matters, and holding that trial court properly denied Civ.R. 60(B) motion where appellant, who was served with complaint and represented himself until after summary judgment had been granted, failed to show excusable neglect for lack of response to summary judgment motion).

{¶ 31} Upon review of the facts and circumstances presented in this case, we agree with the trial court that appellant's inattention to the civil rules, his delay (from late April 2015 through late July 2015) in seeking to obtain counsel, and his failure to respond to appellee's motion for summary judgment cannot be said to constitute excusable neglect. Accordingly, because appellant failed to demonstrate excusable neglect, the trial court did not abuse its discretion in denying the Civ.R. 60(B) motion.

{¶ 32} Appellant's contention that the trial court held him to an "impossible" standard is not persuasive. It has been observed that "[u]nder the general definition of excusable neglect, it is some action 'not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.' " *McEnteer v. Moss,* 9th Dist. No. 22201, 2005-Ohio-2679, ¶ 14, citing *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536 (1997), fn. 8, quoting *Black's Law Dictionary* 566 (6 Ed.1990). In the absence of "special, disruptive, or unusual circumstances," reviewing courts, including this court, have distinguished between "mere neglect" (which is insufficient to obtain relief under Civ.R. 60(B)(1)) and "excusable neglect." *Ron Christopher Co. v. Borruso,* 10th Dist. No. 17AP-369, 2017-Ohio-9033, ¶ 12 (affirming trial court's denial of motion for relief from judgment where appellant's failure to respond to motion for summary judgment constituted mere neglect rather than excusable neglect). *See also PPF Mtge. Corp. v.*

*Northup,* 4th Dist. No. 11CA6, 2011-Ohio-6814, ¶ 20 (facts and circumstances of case did not demonstrate excusable neglect or inadvertence where counsel's failure to respond to appellee's motion for summary judgment demonstrated "mere neglect").

{¶ 33} Having determined that the trial court did not err in finding appellant failed to establish one of the three required prongs under the *GTE Automatic* test, we find no error by the trial court in declining to consider the other two prongs of that test. *See, e.g.,* *Scott v. Wolny,* 9th Dist. No. 2227-M (Apr. 13, 1994) (because requirements under *GTE Automatic* are conjunctive, referee "had only to determine that one of the conditions" for relief was missing); *Stojkoski* at ¶ 5 ("moving party's failure to satisfy any of these three requirements will result in a denial of the motion").

{¶ 34} Based upon the foregoing, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

————————————