[Cite as *Stollar v. TRST, L.L.C.*, 2020-Ohio-3041.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| DAVID STOLLAR and<br>AMY STOLLAR | : | | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiffs - Appellees | : | | Hon. Earle E. Wise, J. |
| -vs- | : | | |
| TRST, LLC, | : | | Case No. 2019 CA 00051 |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
Court of Common Pleas, Case No.
19CV355

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      May 19, 2020

APPEARANCES:

For Plaintiffs-Appellees

KHADINE L. RITTER
ADAM J. SCHWENDEMAN
CAROLINE A. EVERSMAN
THEISEN BROCK
*a legal professional association*
424 Second Street
Marietta, Ohio 45750

For Defendant-Appellant

BRUCE M. BROYLES
The Law Offices of Bruce Broyles
2670 North Columbus Street, Suite L
Lancaster, Ohio 43130

*Baldwin, J.*

**{¶1}** TRST, LLC appeals the decision of the Fairfield County Court of Common Pleas denying its motion for relief from judgment. Appellees are David Stollar and Amy Stollar.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** David and Amy Stollar filed a complaint against TRST, LLC, alleging it had breached a promissory note and a security agreement related to TRST's purchase of real property from the Stollars'. Stollars' alleged that TRST has not made payments due on the note and that it violated the security agreement by transferring the property to a third party. The complaint was served on Rick Starr, sole member of TRST, LLC via certified mail.

**{¶3}** Starr claims that he responded to the complaint on behalf of TRST, LLC. He allegedly voided the sales agreement to the third party and replaced it with a lease purchase agreement and sent the new documents to the Stollars' counsel. Stollars' counsel denies receipt and the documents described by Starr are not part of the record. TRST, LLC did not respond to the complaint by serving an answer on Stollars' counsel and did not file any documents with the court.

**{¶4}** The Stollars filed a motion for default judgment and the court granted it on July 25, 2019. On September 17, 2019, TRST filed a motion for relief from judgment alleging that it had meritorious defenses, that the motion was timely filed and that its failure to answer the complaint was due to excusable neglect. TRST described the excusable neglect as Rick Starr's failure to understand TRST's obligation to complete an

answer, serve a copy of it on Stollars' counsel and file it with the trial court in compliance with the Ohio Rules of Civil Procedure.

{¶5} The trial court found that TRST had alleged meritorious defenses in a timely filed motion, but rejected its argument regarding excusable neglect. The trial court noted that the documents TRST alleged comprised its response were not received by Stollars' counsel or the court and without those documents, the issue of whether it would have been an adequate response remains unresolved. Further, the trial court noted that TRST did not present evidence of an "unexpected or unavoidable hindrance or accident, or unusual or special circumstances" that prevented the filing of an answer. The trial court concluded TRST had not shown that the failure to answer was the result of excusable neglect and denied the motion.

{¶6} Appellant filed a timely appeal of the trial court's decision and submitted two assignments of error:

{¶7} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR RELIEF FROM THE DEFAULT JUDGMENT WHEN APPELLANT TIMELY FILED A MOTION DEMONSTRATING A MERITORIOUS DEFENSE."

{¶8} "II. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR RELIEF FROM THE DEFAULT JUDGMENT WITHOUT CONDUCTING AN EVIDENTIARY HEARING."

## STANDARD OF REVIEW

{¶9} The issue to be decided on an appeal from the denial of a Civ.R. 60 motion for relief from judgment is whether the trial court abused its discretionary authority provided by the rule. *State, ex rel. Freeman, v. Kraft,* 61 Ohio St.2d 284, 400 N.E.2d 1357

(1980) as quoted in *Moore v. Emmanuel Family Training Ctr., Inc.,* 18 Ohio St.3d 64, 66, 479 N.E.2d 879 (1985). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). (Citations omitted).

{¶10} To obtain relief from judgment under Civ.R. 60(B), a movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted;
>
> (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries*, Inc., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

> The above three requirements of the *GTE Automatic* test "are independent of one another and in the conjunctive." *Technical Servs. Co. v. Trinitech Internatl.,* 9th Dist. No. 21648, 2004-Ohio-965, 2004 WL 384352, ¶ 10. Accordingly, "if the movant fails to satisfy any one of these requirements, the trial court must deny the motion." *Id. See also Stojkoski v. Main 271 South*, LLC, 9th Dist. No. 25407, 2011-Ohio-2117, 2011 WL 1734062, ¶ 5 ("The three-part test set forth in GTE Automatic is a conjunctive one, therefore, the moving party's failure to satisfy any of these three requirements will result in a denial of the motion.").

*Gamble Hartshorn, LLC v. Lee,* 10th Dist. No. 17AP-35, 2018-Ohio-980, 108 N.E.3d 728, ¶ 11, *appeal not allowed sub nom. Gamble Hartshorn, L.L.C. v. Lee,* 153 Ohio St.3d 1441, 2018-Ohio-2834, 102 N.E.3d 499.

## ANALYSIS

### I.

**{¶11}** TRST's first assignment of error, that the trial court erred in denying the motion for relief from the default judgment when appellant timely filed a motion demonstrating a meritorious defense, suggests that by filing a timely motion containing a meritorious defense it is entitled to a favorable judgment. TRST must also demonstrate that it is entitled to relief under one of the categories described in Civ.R. 60(B) and it recognizes that obligation within the text of its argument. TRST asserts that relief should be granted because the failure to file an answer was the result of excusable neglect of its sole member to understand legal procedure.

**{¶12}** TRST admits that the complaint was served upon it through its sole member, Rick Starr. Star claims that, in response to the complaint, he terminated a sales agreement and entered into a lease agreement and delivered documents reflecting those changes to Stollars' counsel. Affidavit of Rick Starr, p.2, attached to Motion for Relief from Judgment, Sept. 29, 2019. Starr concludes his affidavit, stating: "Sending those documents in response to the complaint to opposing counsel, I believed that I properly responded to the complaint on behalf of TRST, LLC."

**{¶13}** First, Starr's affidavit suggests that his actions are perilously close to unauthorized practice of law because he concedes he is acting on behalf of the limited liability company, TRST. "The unauthorized practice of law consists of rendering legal

services for another by any person not admitted to practice in Ohio. Gov.Bar R. VII(2)(A); R.C. 4705.01. Thus, only a licensed attorney may file pleadings and other legal papers in court or manage court actions on another's behalf.  Moreover, a non-lawyer may not practice law in defense of a corporate entity merely because he holds some official corporate position.  *Disciplinary Counsel v. Givens,* 106 Ohio St.3d 144, 2005-Ohio-4104, 832 N.E.2d 1200, ¶¶ 7-8. (Citations omitted). Revised Code 4705.01 prohibits any person not admitted to the Ohio Bar by order of the Supreme Court of Ohio from commencing, conducting, or defending any legal action or proceeding in which the person is not a party concerned. *Cleveland Bar Assn. v. Boyd,* 112 Ohio St.3d 331, 2006-Ohio-6590, 859 N.E.2d 930. Had Starr filed any documents with the court on behalf of TRST, those documents would be subject to being stricken from the record as the unauthorized practice of law. *Bank of New York v. Miller*, 5th Dist. No. 09-CA-20, 185 Ohio App.3d 163, 2009-Ohio-6117, 923 N.E.2d 651, ¶ 13.

**{¶14}** Because Starr is not an attorney, he could not file a valid answer on behalf of TRST, so we cannot accept TRST's reliance on a non-attorney to represent it as a basis for an argument that the failure to file an answer was excusable neglect. To do so would tacitly condone the unauthorized practice of law and we are not willing to overlook this defect.

**{¶15}** Even if we disregarded Starr's standing as a non-attorney and consider the merits of TRST's argument, our decision remains unchanged.  TRST relied upon a non-attorney spokesman who now claims that, because he is a layperson unfamiliar with the intricacies of legal procedure, the judgment should be vacated.  TRST's argument that the actions of its sole member was excusable neglect is not persuasive and Starr's plea

for sympathy for an uneducated layman is belied by his past experience in litigation as disclosed in appellee's memorandum contra the motion for relief.

**{¶16}** The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that, "* * * the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, citing *GTE*, supra, at 153, 351 N.E.2d 113. Although excusable neglect is an "elusive concept," *Kay v. Marc Glassman, Inc.,* supra, "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." *Dutton v. Potroos,* 5th Dist. No. 2010CA00318, 2011-Ohio-3646 quoting *LaSalle Nat. Bank v. Mesas,* 9th Dist. No. 02CA008028, 2002-Ohio-6117, ¶ 13. It has been held that "[o]nly where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie." *Chuck Oeder Inc. v. Bower*, 9th Dist. No. 23785, 2007-Ohio-7032, at ¶ 8, quoting *Zimmerman v. Rourke,* 9th Dist. No. 04CA008472, 2004-Ohio-6075, at ¶ 9. Excusable neglect has been further defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Emery v. Smith,* 5th Dist. Nos. 2005CA00051, 2005CA00098, 2005-Ohio-5526, ¶ 16 quoting *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 536 fn. 8, 706 N.E.2d 825.

**{¶17}** "In addition, '[w]hile unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable.' " *Sandifer v. Yoder,* 5th Dist. Tuscarawas No. 2015 AP 02 0008, 2015-Ohio-4270, ¶ 20, quoting *National City Bank v. Kessler,* 10th Dist.

No. 03AP–312, 2003–Ohio–6938, ¶ 14*, See Also Stevens v. Stevens,* 5th Dist. Fairfield No. 16-CA-17, 2016-Ohio-7925, ¶ 14 ("Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring.")

**{¶18}** TRST relies upon the inexperience and lack of knowledge of its representative as a basis for its argument that the failure to file an answer was excusable neglect.  TRST is implicitly arguing that it was acting pro se through its sole member, Rick Starr.  Because we have found that any action by Starr on behalf of TRST could be considered unauthorized practice of law and subject to being stricken sua sponte, this argument is unconvincing, but even if we could accept the assertion TRST was proceeding pro se, it would lack merit.

**{¶19}**  Civil Rule 60(B) is not intended to afford pro se litigants relief from mistakes from the lack of legal counsel or from a pro se litigant's unfamiliarity with the legal system, confusion, or misunderstanding of the law. *Sydnor v. Qualls*, 4th Dist. Scioto No. 15CA3701, 2016-Ohio-8410; *Huntington Nat'l Bank v. D'Egidio,* 9th Dist. Lorain No. 05CA008647, 2005-Ohio-5497; *Lebanon Auto Parts v. Dracakis,* 12th Dist. Warren No. CA99-09-110, 2000 WL 433240 (April 17, 2000); *Gamble Hartshorn LLC v. Lee,* 10th Dist. Franklin No. 17AP-35, 2018-Ohio-980; *Dayton Power and Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121. Additionally, this Court has previously held that an appellant's legal inexperience does not equate to excusable neglect and the failure to seek legal advice after receiving a complaint is not excusable neglect under Civil Rule 60(B)(1). *Long v. Ferrell,* 5th Dist. Stark No. 2017CA00066, 2018-Ohio-15.

Acting pro se * * * is neither excusable neglect nor any other reason justifying relief from judgment. A party has a right to represent himself, but

if he does so, he is subject to the same rules and procedures as litigants with counsel. If the fact that a party chose not to be represented by counsel and was unsuccessful in pursuing his rights entitled that party to relief from judgment, every judgment adverse to a pro se litigant could be vacated to permit a second attempt, this time with counsel. Such a circumstance would be unjust to the adverse party.

*N. Orange Homeowners Assn., Inc. v. Suarez,* 5th Dist. Delaware No. 2019 CAE 02 0015, 2019-Ohio-4416, ¶45 quoting *Ragan v. Akron Police Dept.*, 9th Dist. Summit No. 16200, 1994 WL 18641 (Jan. 19, 1994).

**{¶20}** TRST and its sole member deliberately failed to seek legal advice after receiving the complaint and instead assumed that Starr's actions were sufficient, without justification. TRST could have controlled or guarded against the delinquent filing by consulting counsel but chose to rely on a non-attorney. The failure to file the answer was the result of TRST's willful disregard of the process of the court, and unrelated to any unexpected or unavoidable hindrance or accident. These actions are not excusable neglect but instead a deliberate disregard for the judicial system.

**{¶21}** Appellant's first assignment of error is overruled.

**II.**

**{¶22}** In its second assignment of error, TRST contends the trial court erred in denying the motion for relief from the default judgment without conducting an evidentiary hearing. TRST argues that because it "timely filed a motion for relief from judgment*** [and] that motion set forth evidentiary quality evidence establishing the existence of a meritorious defense" the trial court was obligated to conduct a hearing before rendering

a decision. This argument overlooks the need to establish that TRST was entitled to relief to be entitled to a hearing under Civ.R. 60(B) and therefor has no merit.

**{¶23}** The Supreme Court of Ohio addressed the standard for obtaining a hearing in *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102 (1996):

> Appellant initially contends that the trial court erred in denying its motion for relief from judgment without first conducting an evidentiary hearing. This issue was discussed in *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5 OBR 73, 76–77, 448 N.E.2d 809, 812. In *Coulson*, this court adopted the following rule set forth in *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 255, 316 N.E.2d 469, 476: "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.

**{¶24}** To warrant relief under Civ R. 60(B), TRST must file a timely motion that alleges a meritorious defense and that supports relief from judgment under Civ.R 60(B). TRST has filed a timely motion and alleged a meritorious defense, but the trial court held, and we agree, that the facts alleged in the affidavit and argued in the pleadings do not support a conclusion that the failure to file a timely answer was excusable neglect warranting relief from judgment.  A hearing therefor, was unnecessary.

**{¶25}** TRST relies upon our decision in *Cogswell v. Cardio Clinic of Stark Cty., Inc.,* 5th Dist. Stark No. CA-8553, 1991 WL 242070, but that case focused upon the grant

of the motion for relief from judgment in the context of a lack of evidence presented at the hearing. Even in that case we noted that due to lack of evidence in the motion "had the court denied the request for a hearing, it would not have acted contrary to law; nor would it have abused discretion." *Id* at 2.

**{¶26}** TRST also cites *Stevens v. Stevens*, 5th Dist. Fairfield No. 16-CA-17, 2016-Ohio-7925, in support of its argument that a hearing was necessary. In that matter we did address the requirement of a hearing to address the issue of a meritorious defense. However, the trial court in Stevens found, without a hearing, that there was no excusable neglect under Civ. R. 60(B) and we found that the trial court did not abuse its discretion.

**{¶27}** Finally, TRST refers to our decision in *Capital One Bank (USA), N.A. v. King*, 5th Dist. Stark No. 2014CA00232, 2015-Ohio-3600, where we found that the trial court abused its discretion when it found King presented a meritorious defense and granted the motion for relief from judgment without the support of evidentiary quality affidavits or an evidentiary hearing. We relied upon the holding in *Kay, supra,* to find an abuse of discretion due to the lack of proper evidence to support a meritorious defense and we separately found that it was "abuse of discretion for the trial court to determine the failure of the debt consolidation company to pay the debt was an extraordinary circumstance pursuant to Civ.R.60(B)(5) relieve King of the default judgment." *Id. ¶23.*

**{¶28}** In this case we find that the information presented in the motion did not warrant relief under Civ.R. 60(B) because it cited facts that did not show excusable neglect and, therefore, we hold that the trial court did not abuse its discretion by not conducting a hearing.

**{¶29}** The second assignment of error is overruled.

{¶30} The decision of the Fairfield County Court of Common Pleas is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.