[Cite as *Village at Galloway Run Condominium Assn. v. Taylor*, 2024-Ohio-2344.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Village at Galloway Run Condominium Association, | : | |
| | : | No. 23AP-732 |
| Plaintiff-Appellee, | : | (C.P.C. No. 22CV-5384) |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Jeffrey Taylor, | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on June 18, 2024

**On brief:** *Williams & Strohm, LLC*, and *Jesse M. Kanitz*, for appellee. **Argued:** *Jesse M. Kanitz*.

**On brief:** *Jeckering & Associates, LLC*, *Bradley N. Jeckering*, and *Dalia G. Safadi*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Jeffrey Taylor, appeals from the November 8, 2023 judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On August 5, 2022, plaintiff-appellee, Village at Galloway Run Condominium Association ("association" or the "HOA"), sought a permanent injunction against and monetary damages from Mr. Taylor for his noncompliance with the association's governing rules and regulations as a unit owner. Specifically, the association took issue with Mr. Taylor's construction of an oversized patio extension behind his unit without prior approval from the association's board, unresponsiveness to the association's letters regarding this

issue, and failure to take remedial action. Thus, it asked the trial court to permanently enjoin Mr. Taylor from maintaining the patio extension in its current size and location, order Mr. Taylor to restore the affected areas to their condition prior to the patio extension, and order Mr. Taylor to cease construction of any additional unapproved exterior modifications unless otherwise approved by the board. (Aug. 5, 2022 Compl. at ¶ 52(1).)

**{¶ 3}** Despite receiving service of summons and the association's complaint on August 15, 2022 by Certified Mail, Mr. Taylor never filed an answer in the trial court. Instead, he mailed the association's counsel a signed document captioned "Initial Disclosure" and dated September 12, 2022. (*See* Jan. 11, 2023 Notice of Filing, attached Ex. A at 1.) In addition to identifying one witness—Crystal DeLong Varela, the person residing in the unit owned by Mr. Taylor ("Ms. DeLong")—Mr. Taylor contended, in relevant part, under the heading entitled "Claimants [*sic*] Damages Statement":

> Patio extension has not been extended any further than numerous other condos in this development that are under HOA "Guidelines". In fact the extension is smaller than many. Including an HOA representative that have added, not in accordance with "Guidelines" , to their driveway and patio after we did.
>
> There is also concern about HOA dues payment. * * *
>
> We feel that we are being held to a different standard than anyone else in this development. We feel that the HOA has failed in several different areas of responsibility. When we purchased this property, the HOA was responsible for providing us with a copy of the HOA "Guidelines" at closing. They did not. We were only able to get the "Guidelines" after a neighbor assisted us to find them online.

(Sic passim.) (Jan. 11, 2023 Notice of Filing, attached Ex. A at 1-2.)

**{¶ 4}** The association notified the trial court of Mr. Taylor's purported answer by attaching a copy of that document to its notice filed on January 11, 2023.

**{¶ 5}** The association also filed a motion for summary judgment with affidavits and supporting documents on January 11, 2023. In that motion, the association contended that "no genuine issues of material fact exist to rebut the conclusion that Mr. Taylor constructed, or allowed exterior modifications on his [u]nit to be constructed, in violation of the applicable Declaration." (Jan. 11, 2023 Mot. for Summ. Jgmt. at 1.) Thus, the association

argued it was entitled to the permanent injunctive and monetary relief sought in its complaint.

{¶ 6} On February 2, 2023, Mr. Taylor timely filed, pro se, his memorandum opposing the association's summary judgment motion (captioned as a "response"). Just as in the September 12, 2022 "Initial Disclosure" he mailed to the association's counsel (subsequently filed by the association in the trial court on January 11, 2023), Mr. Taylor alleged the association failed to provide him and Ms. Delong with a copy of the governing documents when they first moved in. (*See* Feb. 2, 2023 Def.'s Resp. at 1.) In addition to raising issues related to the payment of association dues, Mr. Taylor stated as follows regarding the patio extension:

> The HOA informed us originaly that the extension of the patio would hamper the lawn care company from cutting the grass. It does not. I asked the yard care personel if it creates a problem for them on several occasions. They all responded that it was not a problem for them. When we originaly purchased this property, there was very little grass to cut anyway. * * *
>
> As far as the extension of the patio, yes it goes past the side of the house. However not as far as many other homes in the same development. The HOA admits in their request for Summary Judgement, that they have allowed other properties to extend their patios beyond the side of the building. I do not understand why I am being held to a different standard than others. One home this past summer had a patio extension that was at least 4 feet wide and extended a good distance down the side of the house if not all the way. We have pictures of many homes that do not comply with the Guidelines. I am retired military, having served my country for one month shy of 36 years. I understand rules and regulations. I also understand that rules and regulations apply to all not just a few.
>
> * * *
>
> In conclusion, I respectfully request your decision in my favor on this matter.

(Sic passim.) (Feb. 2, 2023 Def.'s Resp.)

{¶ 7} Based on Mr. Taylor's response, the association argued there was no dispute that "Mr. Taylor had appropriate notice of the restrictions and requirements placed on him

by the Declaration, nor that Mr. Taylor violated Article III, Section 2(p) of the Declaration by installing the Patio Extension without approval and after being advised it would not be approved as it was ultimately constructed." (Feb. 10, 2023 Pl.'s Reply at 4.) Because evidence presented by the association established Mr. Taylor had blatantly violated the condominium complex's governing documents, the association contended it was entitled to money damages and a permanent injunction under R.C. 5311.19 ordering Mr. Taylor to remove the patio extension and to cease construction of any additional unapproved modification without written approval of the association's board.

{¶ 8} On February 15, 2023, the trial court entered a judgment granting the association's motion for summary judgment, ordering the requested permanent injunction and awarding attorney fees and costs (with interest) to the association. Mr. Taylor filed, pro se, a notice of appeal from that judgment on March 16, 2023, and the trial court record was transferred to this court on March 28, 2023 under case No. 23AP-178. However, because Mr. Taylor did not file a brief within the time required by App.R. 18(A) and failed to respond to notification from this court that the time for filing his appellate brief had expired, we dismissed that case, sua sponte, on May 10, 2023 pursuant to App.R. 18(C).

{¶ 9} After Mr. Taylor's appeal from the February 15, 2023 judgment was dismissed by this court, Mr. Taylor apparently retained counsel for this matter. Indeed, on June 29, 2023, his attorneys filed a Civ.R. 60(B) motion for relief from judgment in the case below on his behalf. Mr. Taylor argued that under Civ.R. 60(B)(1)'s "excusable neglect" standard, he should be relieved from the February 15, 2023 judgment because, as a pro se litigant, he "is inexperienced in legal matters and unfamiliar with the Ohio Rules of Civil Procedure." (*See* June 29, 2023 Mot. for Relief at 6.) Also in support of his excusable neglect argument, Mr. Taylor cited "the good-faith action" he "has taken through his efforts to diligently participate in this litigation," including "interfac[ing] with [the association] relating to this matter and potential counterclaims and/or settlements." (Mot. for Relief at 6.)

{¶ 10} On November 8, 2023, the trial court issued an entry rejecting those arguments and denying Mr. Taylor's motion for relief from judgment. Mr. Taylor timely appealed from that judgment and asserts the following three assignments of error for our review:

[I.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. TAYLOR'S MOTION FOR RELIEF FROM JUDGMENT WHEN THE GROUNDS FOR EXCUSABLE NEGLECT APPEAR ON THE FACE OF THE RECORD.

[II.] THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING MR. TAYLOR TO A HEIGHTENED BURDEN WHEN EVALUATING WHETHER HE ALLEGED A MERITORIOUS DEFENSE.

[III.] THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MR. TAYLOR'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

## II. ANALYSIS

{¶ 11} To prevail on a motion for relief from judgment under Civ.R. 60(B), Mr. Taylor was required to establish (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994), citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *See, e.g.*, *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391 (1984); *GTE Automatic Elec., Inc.* at 151 (observing the Civ.R. 60(B) "requirements are independent and in the conjunctive, not the disjunctive"). There is no dispute that the motion in this case was made within a reasonable time.

{¶ 12} We review a decision denying a Civ.R. 60(B) motion for an abuse of discretion. *See, e.g.*, *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988); *Strack* at 174.

### A. First Assignment of Error

{¶ 13} In his first assignment of error, Mr. Taylor contends the trial court abused its discretion in finding no excusable neglect under Civ.R. 60(B)(1). We disagree.

{¶ 14} To determine whether neglect is "excusable" under Civ.R. 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet, Inc.* at 21. Courts have defined excusable neglect in the negative, stating that a party's inaction is not excusable neglect when it can be deemed "a complete disregard for the judicial system" or when the party's conduct falls substantially below what is reasonable under the

circumstances.  *See, e.g.*, *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, ¶ 23-25; *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Elec., Inc.* at 153.

{¶ 15}  Mr. Taylor posits that his inexperience in legal matters and unfamiliarity with the Ohio Rules of Civil Procedure rises to the level of "excusable neglect" contemplated by Civ.R. 60(B).  However, " 'it is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' "  (Emphasis omitted.)  *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (2001).  They are not given greater rights than represented parties, and must bear the consequences of their mistakes.  *See, e.g.*, *Carter v. Nhan Le*, 10th Dist. No. 05AP-173, 2005-Ohio-6209, ¶ 20; *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 17.

{¶ 16}  Contrary to Mr. Taylor's contention, Civ.R. 60(B) is not intended to afford pro se litigants relief from mistakes due to the lack of legal counsel or unfamiliarity with the legal system, confusion, or misunderstanding of the law.  *See, e.g.*, *Gamble Hartshorn, LLC v. Lee*, 10th Dist. No. 17AP-35, 2018-Ohio-980, ¶ 26.  A party has the right to represent himself.  But, if he does so, he is subject to the same rules and procedures as litigants with counsel.  *See Gamble Hartshorn, LLC* at ¶ 26.  The fact that a pro se litigant chose not to be represented by counsel, and was unsuccessful in pursuing his rights because he did not understand the controlling laws and applicable rules, is not a basis to vacate a judgment adverse to a pro se litigant and afford him a second chance, this time with counsel.  *See Gamble Hartshorn, LLC* at ¶ 26, quoting *Dayton Power & Light v. Holdren*, 4th Dist. No. 07CA21, 2008-Ohio-5121, ¶ 12, and citing *Ragan v. Akron Police Dept.*, 9th Dist. No. 16200, 1994 Ohio App. LEXIS 137 (Jan. 19, 1994).

{¶ 17}  In this case, Mr. Taylor chose to represent himself, as was his right.  As such, he is presumed to have knowledge of the law and legal procedures.  Though it might be true he was ultimately unfamiliar with the applicable law and legal standards governing the summary judgment procedure, such unawareness does not constitute excusable neglect under Civ.R. 60(B)(1).  *See, e.g.*, *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26-28.  Mr. Taylor's "diligent efforts" in responding to the association's summary

judgment motion have no bearing on this well-established principle. (*Compare* Brief of Appellant at 10-11.)

{¶ 18} To the extent Mr. Taylor attempts to ameliorate the effect of his initial choice to litigate this matter pro se by using a Civ.R. 60(B) motion to collaterally attack the trial court's February 15, 2023 ruling now that he has representation, it is not a procedurally viable avenue for relief. It is axiomatic that a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal. *See, e.g., Smith v. Smith*, 10th Dist. No. 22AP-720, 2024-Ohio-45, ¶ 44; *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. As such, a litigant may not use a Civ.R. 60(B) motion to raise issues that should have been raised in a direct appeal of the challenged judgment. *See id.*

{¶ 19} For these reasons, we find the trial court did not err by denying Mr. Taylor's motion for relief from judgment under Civ.R. 60(B)(1). Accordingly, Mr. Taylor's first assignment of error is overruled.

## B. Second Assignment of Error

{¶ 20} Mr. Taylor also takes issue with the trial court's evaluation of Civ.R. 60(B)'s meritorious defense requirement in his second assignment of error. However, our resolution of his first assignment of error ultimately renders his second assignment of error moot.

{¶ 21} " 'It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and render judgment which can be carried into effect.' " *Cincinnati Gas & Elec. Co. v. PUC*, 103 Ohio St.3d 398, 2004-Ohio-5466, ¶ 17, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). Thus, "[a]n issue becomes moot when it presents only a hypothetical or academic question, and a judicial resolution of the issue would have no practical significance." *Darr v. Livingston*, 10th Dist. No. 16AP-315, 2017-Ohio-841, ¶ 13, citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, ¶ 55.

{¶ 22} To prevail on his Civ.R. 60(B) motion for relief from judgment, Mr. Taylor was required to demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted; (2) excusable neglect entitling him to relief under Civ.R. 60(B)(1); and (3) his motion was made within a reasonable time. *See GTE Automatic Elec., Inc.*, 47 Ohio St.2d at 150-51. These three requirements are cumulative, meaning all must be established

for relief to be granted under Civ.R. 60(B). *See Argo Plastic Prod. Co.*, 15 Ohio St.3d at 391. Conversely, the failure to establish any one of these three requirements will cause the motion to be overruled. *See id.*

{¶ 23} Even assuming, arguendo, the trial court erred in analyzing whether Mr. Taylor alleged a meritorious defense, our determination that the trial court did not abuse its discretion in finding that Mr. Taylor failed to show excusable neglect under Civ.R. 60(B)(1) renders Mr. Taylor's second assignment of error moot. *See* App.R. 12(A)(1)(c).

### C. Third Assignment of Error

{¶ 24} In his third assignment of error, Mr. Taylor attributes error to the trial court's failure to conduct an evidentiary hearing on his motion before denying him relief.

{¶ 25} It is true that "[a] trial court abuses its discretion when it denies a hearing on a Civ.R. 60(B) motion that ***sufficiently alleges*** grounds for relief from judgment and is supported with evidence that would warrant relief from judgment." (Emphasis added.) *Chase Manhattan Bank v. Jenkins*, 10th Dist. No. 06AP-1192, 2007-Ohio-3622, ¶ 12, citing *Kay*, 76 Ohio St.3d at 19-20, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist.1974). But, as already explained in our analysis of his first assignment of error, Mr. Taylor's motion for relief from judgment did not, on its face, contain sufficient allegations of operative facts that would warrant relief from judgment under Civ.R. 60(B). Again, Mr. Taylor's "inexperience[] in legal matters and unfamiliar[ity] with the Ohio Rules of Civil Procedure," as alleged in his motion, do not constitute "excusable neglect" under Civ.R. 60(B)(1). (*See* Mot. for Relief at 6.) Thus, Mr. Taylor's third assignment of error is not well-taken and, as such, is overruled.

## III. CONCLUSION

{¶ 26} Having overruled Mr. Taylor's three assignments of error, we affirm the November 8, 2023 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ., concur.

––––––––––––––